187 N.J. Super. 377 (1982)
454 A.2d 915
ANNETTE M. D'ORO, PLAINTIFF,
v.
FRANK J. D'ORO, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided November 9, 1982.
George J. Cotz for plaintiff (Weber, Muth & Weber, attorneys).
Rose Marie C. Schutt for defendant (Messineo & Messineo, attorneys).
*378 KRAFTE, J.J.D.R.C. (temporarily assigned).
In the ever-burgeoning field of matrimonial division of pensions, a problem, apparently for which no precedent has been found, arises in this post-judgment motion. As aptly put by Judge Consodine in In re Finkelstein, 112 N.J. Super. 534, 537 (Ch.Div., 1970), "However, dearth of precedent has never been a deterent to action on new combinations of facts."
This court is faced with the following question: Once a "present value" of a pension is equitably distributed, and the nonpensioner receives her share in immediate cash, and the pensioner's share is deferred, specifically "leaving all pension benefits to the employee himself," can his monthly pension benefits upon his retirement be included in an income base for purposes of re-establishment of alimony? This court answers in the negative.
Factually, a contested divorce trial was held resulting in a judgment dated February 22, 1982. The parties had been married for 37 years; defendant was 64 years of age at the time of trial and was to become 65 and intended to retire in July 1982.
Among other things, the court found through testimony at the trial that there were cash assets of some $24,491, a marital home with an equity of $140,000, and a "present value" of defendant's pension of $53,018. As to the latter, the court granted equitable distribution of one-third ($17,675.) to plaintiff, further stating:
The dictates of the Kikkert case, [Kikkert v. Kikkert, 177 N.J. Super. 471 (App.Div. 1981), aff'd 88 N.J. 4 (1981)] mandates that, where assets are available as a set-off, [the court] make such division and leave "all pension benefits to the employee himself." ... Actual distribution shall be by deducting said sum [$17,675] from defendant's share of the proceeds of the sale of the marital residence. Defendant shall, therefore, be entitled to all pension benefits, as and when payable.
It is also important to note that the parties were married 35 1/2 years and that the court found plaintiff unable to seek gainful employment. Alimony was determined by the court as follows:
By way of equitable distribution, plaintiff will receive the estimated sum of $94,470 after the sale of the marital home and distribution of the Rockwell Savings Plan. Assuming that plaintiff must expend $19,470 in establishing a *379 residence, she will still have some $75,000. Invested conservatively at 12%, this will provide an income of $9,000 per year, $750 a month, $173 a week. Additionally, plaintiff receives $125 a month Social Security, or a projected $875 per month. Defendant now has a net of $2,064 per month. Therefore, defendant shall pay $685 per month....
Defendant husband now moves to eliminate alimony. Plaintiff wife moves for enforcement of the final judgment. Affidavits show that defendant has in fact retired; that his present monthly incoming cash flow is $701 Social Security plus $867 pension payments; that plaintiff has or is entitled to some $330 a month in Social Security benefits plus interest income of $480 a month, giving plaintiff a total income of $810 a month.
Defendant takes the position that it will be inequitable for plaintiff to be able to include his pension income twice for her benefit, first for a share of equitable distribution, and second, for inclusion in his cash flow for determination of an alimony base.
Plaintiff's position is one of "outrage," claiming defendant's post-judgment behavior to be "devious and despicable," and seeks to maintain the alimony awarded in the final judgment, and points out that
Mr. D'Oro, however, did not receive $35,530, instead, as he states, he is getting $867 per month for life, or $10,404 per year. Should he live 3 1/2 years after retirement, as is likely, he will begin to collect more than its stated value.
However, this court is bound by the pronouncements in Kikkert supra, as setting forth the philosophical and conceptual basis for pension distribution:
Long term and deferred sharing of financial interests are obviously too susceptible to continued strife and hostility, circumstances which our courts traditionally strive to avoid to the greatest extent possible. This goal may best be accomplished, if a present value of the pension plan is ascertainable, by fixing the other spouse's share thereof, as adjusted for all appropriate considerations, including the length of time the pensioner must survive to enjoy its benefits, to be satisfied out of other assets, leaving all pensions benefits to the employee himself. [at 478]
Carrying this analysis forward to the facts in the instant case, this court finds that plaintiff has received the present use of her share of defendant's pension. Defendant has not. He must, *380 perforce, survive for a stated time to receive such dollars as may equate to 2/3 of his share of "present value," including developmental and cumulative interest.
This court finds that plaintiff is not entitled to have defendant's pension flow considered as income to him for modification consideration. Whether such consideration should be given after such point in time as defendant has received his share of "present value" is left to another day.