193 N.J. Super. 385 (1984)
474 A.2d 1070
ANNETTE M. D'ORO, PLAINTIFF-APPELLANT,
v.
FRANK J. D'ORO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 30, 1984.
Decided February 7, 1984.
Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
Chase & Chase, for appellant (Seymour Chase on the brief).
Messineo & Messineo, for respondent (Rose Marie C. Schutt on the brief).
*386 PER CURIAM.
By a final judgment entered February 22, 1982 the parties to this action were divorced. The judgment of divorce made provision for equitable distribution of various assets including defendant's pension. It provided that the pension had a present value of $53,018 of which one-third of $17,675 was awarded to plaintiff. She received this award by way of adjustment in the division of the proceeds of sale from the family residence. The judgment also awarded plaintiff alimony. In October 1982 defendant filed a motion to be relieved of making alimony payments. Plaintiff then filed a cross-motion seeking enforcement of the alimony order. By a letter dated November 9, 1982 Judge Krafte advised the parties that defendant's motion was granted and plaintiff's denied since plaintiff's income exceeded defendant's. The court filed an opinion dated November 9, 1982 reported at 187 N.J. Super. 377 (Ch.Div. 1982) explaining the reasons for the decision. On November 24, 1982 the judge signed an order reflecting this decision. Plaintiff subsequently moved for an order reinstating alimony and fixing arrearages. By order entered January 11, 1983 this motion was denied. Plaintiff filed separate appeals from the orders of November 24, 1982 and January 11, 1983. By our order of February 28, 1983 we consolidated the appeals.
We affirm the orders of November 24, 1982 and January 11, 1983 substantially for the reasons set forth in the reported opinion by Judge Krafte at 187 N.J. Super. 377 (Ch.Div. 1982).
We do, however, make certain additional observations as to what has not been decided in this action. It might well be argued that even though a pension is distributed to a pensioner, to the extent the pension is enhanced by the pensioner's earnings after the date of the termination of the marriage for equitable distribution purposes, the proceeds of the pension should be regarded as income for alimony purposes. But we do not reach this issue for two reasons. Firstly, plaintiff has not advanced an argument that the proceeds of the pension be *387 divided in such a manner between income and asset distribution. Secondly, assuming that the marriage was terminated for equitable distribution purposes as of the date of the filing of the complaint, see Brandenburg v. Brandenburg, 83 N.J. 198, 209-210 (1980), the time for possible enhancement of the pension by defendant's post-divorce earnings would be quite limited. While the record does not show the date of the complaint, defendant retired within a few months of the divorce. We see no reason from the record to believe that there was so significant an enhancement of defendant's pension attributable to post-divorce earnings that adoption of a divisible pension rule could have changed the result in the trial court. The most that plaintiff alleges is that the trial judge at the time of the divorce believed defendant's pension would be $659 per month while in fact he receives $867. But plaintiff does not attribute this discrepancy to post-divorce enhancement of the pension. In any event we are satisfied that the difference should not change the outcome of this case.
Judge Krafte in his opinion indicated that he was not deciding whether after defendant received, in pension payments, the value of his pension calculated as of the termination of marriage, the pension could be considered income. He made this disposition since defendant had not as yet received such value. See 187 N.J. Super. at 380. While we approve of this result we want to make it clear that we are not inferring that after defendant receives payments equalling the value as of the termination of the marriage, the payments may be considered income for alimony purposes. Obviously a pensioner who receives pension payments following the distribution of a pension to him has been delayed in the receipt of actual cash. When a pensioner receives payments equal to the value of the pension as of the date of the termination of the marriage, he does not obtain equal value to a cash or other property distribution made at the time of the divorce. This is obvious since a current distribution of money or other property will allow immediate use of the property or permit generation of income. Further *388 the pensioner receiving distribution of a pension runs the risk of dying and receiving no payments on the pension. Since the payments he does receive are actual cash distributions contemplated by the court at the time of the divorce ultimately to flow from the equitable distribution of the pension, a substantial argument may be made that no matter how much is paid to the pensioner, the payments should not be regarded as income for alimony purposes. But, like Judge Krafte, we do not decide the issue.
Affirmed.