MARY E. JOHNS, PLAINTIFF, v. PHILIP C. JOHNS, DEFENDANT.

Superior Court of New Jersey
Chancery Division Union County

Decided October 4, 1985.

Susan N. Mullen for plaintiff (Buttermore, Mullen, Jeremiah & Phillips, attorneys ).

Gerri Gomperts for defendant (Stevens & Gomperts, attorneys).

BARISONEK, J.S.C.

The parties entered into a property settlement agreement which was incorporated in the final judgment of divorce. The agreement provided for distribution in a lump sum to plaintiff of a portion of defendant's pension, defendant's benefits being deferred until retirement. The property settlement agreement also provided that the husband was to pay unallocated alimony and child support. When the agreement was negotiated, defendant earned through his employment $59,000 a year. He was terminated from that position and has secured new employ-

ment earning $35,000 a year. He also receives an additional $14,400 a year, paid monthly, from the pension benefits previously deferred, which was the same pension distributed at the time of divorce to plaintiff.

Defendant filed a post-judgment motion seeking modification of the unallocated alimony and child support. It is asserted that the money received from the deferred pension should not be included in an income base for the purpose of establishing alimony and/or child support. As this issue relates to child support, it is a case of first impression.

The case of *D'Oro v. D'Oro,* 187 *N.J.Super.* 377 (Ch.Div. 1982), aff'd 193 *N.J.Super.* 385 (App.Div.1984), addressed this issue as it related to alimony. The trial court in that matter held:

> that once the present value of a husband's pension was equitably distributed, and the wife received her share in immediate cash while the husband's share was deferred, specifically leaving all pension benefits to the employee himself, the pension benefits upon retirement were not subject to being included in an income base for the purpose of reestablishment of alimony.

*D'Oro,* however, did not specifically address the issue of whether the pension benefit once received should be considered as an income base for the establishment of child support.

Traditionally, our courts have imposed a duty to contribute toward support of children based upon the ability of the parents to pay, considering the needs of the children. *Clayton v. Muth,* 144 *N.J.Super.* 491 (Ch.Div.1976). In determining the ability of a parent to contribute toward child support our courts have said, "while the husband's current income is the primary fund looked to, nevertheless, his property and capital assets … are all proper elements for the court's consideration in fixing the amount of the award." *Bonanno v. Bonanno,* 4 *N.J.* 268 (1950); *Mowery v. Mowery,* 38 *N.J.Super.* 92, 105 (App.Div. 1955). Furthermore, it has been held that in view of a divorcing mother's coequal legal obligation to support the parties' children, the possibility of invading the mother's assets to assist in providing child support should have been considered in pro-

viding child support. *Lynn v. Lynn,* 165 *N.J.Super.* 328 (App. Div.1979). *See also Nebel v. Nebel,* 99 *N.J.Super.* 256 (Ch.Div. 1968), aff'd 103 *N.J.Super.* 216 (App.Div.1968). It stands to reason therefore that this court must look beyond earned income to other sources of income and to other assets in considering the ability to pay child support.

Child support is considered a continuing obligation and may be modified based on changed circumstances, even if the obligation was imposed by agreement between the parents. *Lepis v. Lepis,* 83 *N.J.* 139 (1980). It is a legal obligation imposed upon the parents which enures to the benefit of the children. *N.J.S.A.* 2A:34–23. Parents have been prohibited from entering into agreements to waive child support since it is against public policy. *ESB, Inc. v. Fischer,* 185 *N.J.Super.* 373 (Ch.Div.1982). If there is insufficient income to pay child support, it would appear that the children should not be denied their right to support because their parents entered into an agreement which distributed their assets. If otherwise, the court would indirectly allow the parent to waive child support by a collateral agreement. Since the court has the obligation to look to assets in addition to income, *Bonanno, supra,* it should be of no consequence that those assets were previously distributed. The rationale of *D'Oro, supra,* that the wife enjoyed the present use of her share of the pension and, as a result, waived her future rights to consider that asset of the husband as an income base for computation of alimony does not apply to child support, since the children did not enjoy the benefit of the husband's distributed share. It is of no consequence, therefore, that the other income or assets may have been equitably distributed between the parents either by agreement or court order.

It is held, therefore, that when the needs of the children require a support contribution and the income of both of the parents is insufficient to meet that need, the court must look to the assets of the parents that were not distributed. If the reasonable needs of the children still cannot be met as in this

case, the court must then look to those assets that were previously distributed. The monies being received by defendant from the previously deferred pension shall be included in the income base for the establishment of his child support obligation.