217 N.J. Super. 541 (1987)
526 A.2d 290
ALAN C. STAVER, PLAINTIFF,
v.
MARGARET STAVER, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County, Family Part.
March 11, 1987.
*543 Donald L. Garber for plaintiff (Donald L. Garber, attorney; Michael I. Lubin on the brief).
John Fiorello for defendant (Feldman, Feldman, Hoffman & Fiorello, attorneys).
SIMON, MARGUERITE T., J.S.C.
Plaintiff husband brings this motion seeking to terminate his obligation to pay alimony to defendant pursuant to a judgment of divorce entered September 6, 1974. Defendant wife brings a cross-motion for enforcement of the judgment.
At the time of the entry of the final judgment, plaintiff was employed as an ordained minister earning approximately $12,000 a year. The parties entered into a consensual agreement which was incorporated into the judgment. Two pertinent stipulations of the agreement are as follows: (1) "Said alimony of $500 per month shall continue in effect regardless of the effect of earnings of either party in the future." (2) "The husband shall pay to the defendant counterclaimant in lieu of her rights to the plaintiff's pension, the sum of $6,000.00...." The judgment recited that the court was convinced that the stipulations were fair and just under all circumstances.
Now, 12 years later, plaintiff is 62 and defendant is 64. Both parties appear to be in poor health and without substantial assets. Prior to plaintiff's retirement in August 1986, he was receiving $20,500 ($1,708.34 a month) in his position as pastor. He now recieves $629 a month social security pension and $1,500 a month pension from his former employment giving him a total of $2,129 a month. Defendant wife has not worked since the entry of the judgment of divorce and her sole income *544 is the $500 a month alimony and a social security pension of $348.
By this motion, plaintiff argues that since defendant waived her pension rights as part of equitable distribution, none of his pension benefits can be considered as income for continuation of alimony. With this premise he states that he would be paying 80% of his income from social security if alimony were to continue at the present rate. Plaintiff relies on D'Oro v. D'Oro, 187 N.J. Super. 377 (Ch.Div. 1982), aff'd 193 N.J. Super. 385, (App.Div. 1984), as controlling. There the court considered the following question:
Once a "present value" of a pension is equitably distributed, and the nonpensioner receives her share in immediate cash, and the pensioner's share is deferred, specifically "leaving all pension benefits to the employee himself," can his monthly pension benefits upon his retirement be included in an income base for purposes of re-establishment of alimony? [187 N.J. Super. at 378]
According to plaintiff, any consideration of his $1,500 monthly pension benefits would amount to "double dipping" and be invalidated under D'Oro, supra.
The Appellate Division, in affirming Judge Krafte's decision, commented that they were not determining if enhancement of a pension by pensioner's earnings after termination of the marriage for equitable distribution purposes should be regarded as income for alimony purposes. 193 N.J. Super. at 387. That precise issue was never raised, for in D'Oro the application for modification occurred within ten months of the final judgment. Here the amount of time is substantial. Therefore, this case presents an issue of first impression in New Jersey regarding the consideration of a divisible pension approach. It can be noted that no cases have been found from other jurisdictions which might prove helpful.
The $1,500 a month pension of plaintiff husband is the result of many years of service. A portion of that monthly amount derives from accumulated service before the filing of *545 the complaint and a portion derives from accumulated service thereafter. Clearly, defendant has waived her right to the former and to permit its consideration as income for alimony purposes would amount to "double dipping." It is this court's position that the portion which accrued after the date of the complaint can be considered income for purposes of determining alimony.
Twelve years have elapsed since the parties' divorce. Plaintiff continued working and continued accumulating pension benefits. Now, the respective incomes of the parties are so disparate that equity would mandate consideration of this portion of plaintiff's pension as income for purposes of determining alimony. Additionally, this portion of plaintiff's pension benefit was never included in the items subject to equitable distribution. This approach appears more practical than that suggested by dictum in D'Oro v. D'Oro, supra, 187 N.J. Super. at 379-380, which implicitly assumes this portion of a pension benefit can be considered income for purposes of alimony. The procedure suggested by D'Oro would require the pensioner to first receive the full present value of the pension subject to equitable distribution, and then subsequent pension benefits could be considered for purposes of alimony. Following the suggestion of D'Oro could be impractical in that it would require two court appearances rather than one, which could result in cessation and later renewal of alimony, and would not be easier to evaluate. Ascertaining the present value of the amount subject to distribution requires consideration of similar variables as ascertaining the amount of the present benefit subject to service before and after the date of the complaint.
It has long been recognized that one of the primary purposes for granting alimony is to permit the wife, who contributed during the marriage, to share in the accumulation of the marital assets and to prevent her from becoming a public charge. Lynn v. Lynn, 153 N.J. Super. 377, 382 (Ch.Div. 1977), *546 rev'd on other grounds 165 N.J. Super. 328 (App.Div. 1979); Gugliotta v. Gugliotta, 160 N.J. Super. 160 (Ch.Div. 1978), aff'd 164 N.J. Super. 139 (App.Div. 1978). It has further been determined that alimony is based upon "need" and that in determining the issue the court must inquire into the income of the spouse seeking alimony. D'Arc v. D'Arc, 164 N.J. Super. 226 (Ch.Div. 1978).
Under the circumstances of this case, it has been well established that if alimony were to terminate, defendant would have neither the ability nor the economic conditions that would allow her to continue to live at her present nominal standard. Therefore, this court, in considering plaintiff's pension benefits that have accrued since the final judgment as income, is acting in accordance with N.J.S.A. 2A:34-23, which provides, in part, that after a judgment of divorce the court may make such order as to the maintenance of the parties as the case shall render fit, reasonable and just.
Further, where a court determines that alimony payments should continue pursuant to a judgment, the supporting spouse's pension receipts would fall within the definition of sources which may be used to continue to pay alimony. N.J.S.A. 2A:17-56.8 provides as follows:
Every order of a court for alimony, maintenance or child support payments shall include a written notice to the obligor stating that the order shall be enforced by an income withholding upon the current or future income due from the obligor's employer or successor employers and upon the unemployment compensation benefits due the obligor and against debts, income, trust funds, profits or income from any other source due the obligor [Emphasis supplied]
Moreover, the courts have ruled that the pension of a person who is ordered to pay alimony or child support is subject to execution or garnishment in order to enforce such support obligations. Thiel v. Thiel, 41 N.J. 446 (1964); Ward v. Ward, 164 N.J. Super. 354 (Ch.Div. 1978).
Since support obligations may be adjusted from time to time, they are deemed to be a continuing obligation, and therefore *547 the courts have also looked to the continued receipt of social security or other similar benefits as a source of income for support. Schaeffer v. Schaeffer, 184 N.J. Super. 423, 425 (App. Div. 1982); Davis v. Davis, 184 N.J.Super 430, 441 (App.Div. 1982).
The second issue before the court is the enforceability of the provision in the final judgment which stipulated that "said alimony of $500 per month shall continue in effect regardless of the effect of the earnings of either party in the future." This can be disposed of simply by noting that the agreement considered by Justice Pashman in the landmark case of Lepis v. Lepis, 83 N.J. 139, 144 (1980) also contained a provision that "specified that the presence or absence of separate earnings by the wife, or changes in the husband's income, would be irrelevant to a decision to alter or halt the husband's payments." The standards enunciated in Lepis as to changed circumstances and procedures to be applied will be applicable to this case as Lepis held that the court is not bound by such provisions. The type of escalation provision considered in Petersen v. Petersen, 85 N.J. 638 (1981) is to be distinguished as it, unlike the provisions in both Lepis and this case, does vary according to the respective incomes of the parties. In addition, comments of the Court in Petersen reaffirm the Lepis standards.
Here, since the portion of plaintiff's pension which was subject to equitable distribution cannot be considered income for purposes of establishing alimony, this court finds that plaintiff has made a prima facie showing of changed circumstances which may require a modification of alimony. An expert will be appointed to determine the amount of plaintiff's pension benefit which has accrued since the date of equitable distribution. This, together with plaintiff's social security pension, will be included in the items to be considered in determining the amount of alimony, if any, to be paid.