219 N.J. Super. 76 (1987)
529 A.2d 1034
JAMES R. HORTON, JR., PLAINTIFF,
v.
JUSTINA L. HORTON, DEFENDANT.
Superior Court of New Jersey Chancery Division Bergen County, Family Part.
Decided April 1, 1987.
*77 Rose Marie C. Schutt for plaintiff (Messineo & Messineo, attorneys).
Jack D. Berson for defendant (Jacoby & Meyers, attorneys).

OPINION
KRAFTE, J.S.C.
If a party opts for early retirement at age 56, can such person rely on D'Oro v. D'Oro, 187 N.J. Super. 377 (Ch.Div. 1982), aff'd 193 N.J.Super 385 (App.Div. 1984), when, 1 1/2 years *78 earlier, and without anticipation of retirement, a Property Settlement Agreement was entered into? This Court answers in the negative.
By way of background, the parties married on February 14, 1969 and divorced on June 15, 1984. A Property Settlement Agreement was entered into giving defendant the marital home and plaintiff his pension, which had an agreed value of $103,000. The Property Settlement Agreement provided further that the plaintiff would pay $110.00 per week as alimony, to be increased to $125.00 per week upon graduation of the youngest daughter then in college. She did graduate in December 1984, and plaintiff has paid $125.00 since.
Plaintiff retired January 1, 1986 and first makes this application to eliminate alimony one year later. No explanation for the delay has been offered.
Plaintiff claims that upon his retirement the concepts of D'Oro v. D'Oro apply. Thus, his pension income, received as equitable distribution, should be eliminated from consideration for alimony purposes, at least until he has received the stipulated value. Consequently, plaintiff states his income is merely $400.00 per month, gross, which will not, admittedly, support alimony payments of $125.00 per week.
Plaintiff's reliance upon D'Oro is misplaced. In that case, it was expressly stated at the trial that the husband intended to retire in several months. In the present case, no such imminent retirement was considered. There was no reason for defendant to consider that plaintiff would not work for the normally anticipated time. No early retirement was anticipated or bargained for. Plaintiff surrendered employment paying some $34,000, at age 55, and now has a pension income of $13,794.36, gross. D'Oro must be limited to its facts. When imminent retirement is anticipated and equitable distribution and alimony are bargained for, or, barring those factors, the parties specifically anticipate alimony adjustment on retirement (early or otherwise) D'Oro will apply.
*79 The plaintiff has placed himself in a position whereby he voluntarily, substantially reduced his income, moved to what is evidently an economically depressed area, and now states he cannot comply with his voluntary agreement made but 2 1/2 years ago. He goes further, however, and asks this Court to eliminate from consideration his pension income.
While a court cannot prevent a person from accepting early retirement, this Court finds that such early retirement will not enable the retiree to eliminate his pension income from alimony consideration, at least until such time as he would have reached ordinary retirement age, which this Court finds to be coincident to the eligible age for receiving Social Security benefits.
This Court therefore finds that plaintiff's pension income, plus his gainful employment income, shall be considered in any alimony modification.