STOLTMAN v STOLTMAN

Docket No. 94072. Submitted January 5, 1988, at Detroit. Decided August 16, 1988.

Plaintiff, James Stoltman, and defendant, Lola Stoltman, were divorced by order of the Macomb Circuit Court. The divorce judgment ordered plaintiff to pay defendant $130 per week in alimony until defendant's death or remarriage and awarded plaintiff his pension free of any and all interest of defendant. At that time, plaintiff was still working. Six years later, plaintiff filed a motion to determine rights and terminate alimony because he was taking early retirement, after which his sole source of income would be his pension benefits. The trial court denied the motion, reasoning that the plain language of the judgment awarded permanent alimony until defendant's death or remarriage, that plaintiff's retirement was foreseeable, and that nothing in the judgment suggested alimony was to be terminated upon plaintiff's retirement. The court referred the matter to the Friend of the Court for a determination of whether alimony should be reduced in light of plaintiff's reduction in income, if any, upon his early retirement. The Friend of the Court recommended no reduction. Despite the court's ruling, plaintiff stopped making alimony payments. Defendant filed a petition for an order to show cause. At the hearing on the motion, plaintiff was found to be in contempt of court and ordered to pay his alimony arrearage or spend thirty days in jail, John B. Bruff, J. Plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The fact that defendant originally filed an unverified affidavit in support of her petition for the order to show cause does not void the court's order finding plaintiff in contempt.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 664, 699 *et seq.*, 714, 905 *et seq.*

Am Jur 2d, Pleading §§ 340 *et seq.*

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

The court adjourned the hearing pending defendant's production of a verified affidavit, and the order was entered after the verified affidavit had been produced. The procedural defect in the original affidavit did not deprive the court of jurisdiction to enter its contempt order nor did it otherwise render the order invalid.

2. Plaintiff's argument that payment of alimony should cease upon his retirement because his sole source of income is his pension, which was awarded to him free of any claim by defendant, is rejected. The court, in separate provisions, awarded defendant alimony, ordered the distribution of certain assets, and awarded plaintiff his pension. None of the provisions was dependent upon the others. The award of retirement benefits was not part of the property settlement, nor was the award of alimony conditioned upon the property settlement or receipt of retirement benefits. The award of alimony for an indefinite period clearly indicates an intent on the part of the trial court to provide defendant a means of support even after plaintiff's retirement. Furthermore, the division of the pension through alimony is appropriate given the limited cash resources available to defendant and given the liberal pension benefits to be enjoyed by plaintiff, which were accrued during the many years of this marriage.

3. The trial court did not err in finding that plaintiff had failed to carry his burden of proving changed circumstances in support of his motion for modification.

Affirmed.

KELLY, J., dissented. He would hold that a spouse who is awarded pension benefits free and clear from any and all claims of the opposite party cannot have those benefits recategorized as income upon retirement for purposes of determining ability to pay alimony. Plaintiff should not have to pay alimony out of the amount of the pension he was awarded in the divorce judgment. Any enhancement of the value of the pension after that time might also be excluded from the amount available for consideration as income. Judge KELLY would remand to the trial court for an evidentiary hearing on the amount of plaintiff's income that is available for an award of alimony.

1. PLEADING — VERIFICATION — JURISDICTION — AMENDMENT OF PLEADINGS.

Imperfect verification of a pleading is not a jurisdictional defect and may be cured by amendment.

2. DIVORCE — ALIMONY — PENSION BENEFITS.

The decision whether to terminate alimony upon the retirement

of the party obligated to pay alimony when a pension has been awarded to the obligor should be decided on a case-by-case basis.

3. DIVORCE — ALIMONY — PENSION BENEFITS.

The division of a pension through an award of alimony, while not always favored, is acceptable in some divorce actions; such a remedy is appropriate where liberal pension benefits accrued during a lengthy marriage and the pensioner's spouse has limited cash resources.

4. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENTS — BURDEN OF PROOF.

The party seeking the modification of an award of alimony in a judgment of divorce has the burden of showing changed circumstances which justify modification of the judgment.

*Freeman, McKenzie, Matthews, Scherer & Stepek, P.C.* (by *Daniel T. Stepek*), for plaintiff.

*Marian Dwaihy Manganello,* for defendant.

Before: MACKENZIE, P.J., and KELLY and L. P. BORRELLO,* JJ.

MACKENZIE, P.J. Plaintiff appeals by leave granted from an order denying his motion to set aside an order to show cause and finding him in contempt of court for failing to pay alimony. We affirm.

Plaintiff-husband and defendant-wife were divorced in 1979 after almost thirty years of marriage. The record indicates that defendant has been ill much of her life and is unable to work. Plaintiff apparently worked for the United States government for a considerable period of time. Following a trial, a judgment of divorce was entered which, upon amendment, ordered plaintiff to pay defendant $130 per week in alimony until defendant's death or remarriage. The judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

also awarded plaintiff his pension free of any and all interest of defendant.

Six years later, plaintiff filed a motion to determine rights and terminate alimony based on his plans for early retirement. Plaintiff's position was that upon his retirement he would no longer be obligated to pay alimony since his sole source of income would be his pension benefits. The trial court ultimately denied the motion, reasoning that the plain language of the judgment awarded permanent alimony until defendant's death or remarriage, that plaintiff's retirement was foreseeable, and that nothing in the judgment suggested alimony was to be terminated upon plaintiff's retirement. The court referred the matter to the Friend of the Court for a determination of whether alimony should be reduced in light of plaintiff's reduction in income, if any, upon his early retirement. The Friend of the Court subsequently recommended no reduction.

Despite the court's ruling, plaintiff stopped making his alimony payments. On May 5, 1986, defendant filed a petition for an order to show cause accompanied by an unverified affidavit. A hearing was set. When plaintiff challenged the affidavit, the trial court adjourned the show cause hearing and defendant then filed a verified affidavit. At a show cause hearing conducted June 30, 1986, plaintiff was found in contempt of court and ordered to pay his alimony arrearage or spend thirty days in jail.

Plaintiff's first issue on appeal is procedural. He contends that the court's order finding him in contempt is void because it was based on an order to show cause entered without a proper affidavit. See MCR 3.606(A) and *In re Contempt of Evelyn Nathan,* 99 Mich App 492, 494; 297 NW2d 646 (1980). See also 5 Honigman & Hawkins, Michigan

Court Rules Annotated (2d ed), p 331. We disagree. Imperfect verification of a pleading is not a jurisdictional defect and may be cured by amendment. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 275. Since the trial court adjourned the hearing pending defendant's production of a verified affidavit, we are satisfied that the procedural defect did not deprive the court of jurisdiction to enter its contempt order or otherwise render the order invalid.

Plaintiff's second argument challenges the court's determination that his alimony obligation should not be modified or terminated. Relying on *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986), plaintiff argues that payment of alimony should cease because his sole source of income is his pension, which was awarded to him free of any claim by defendant.

In *Walker,* the parties' divorce was uncontested. Their property settlement agreement awarded the husband his pension benefits free of any claims by the wife. The parties also agreed that the husband would pay alimony. The husband subsequently moved to reduce his alimony obligation in anticipation of retirement. Recognizing that when a party consents to a judgment by stipulation the judgment is binding upon the parties and the court, the *Walker* panel concluded that the husband's pension could not be recategorized as income in determining his ability to pay alimony.

*Walker* is distinguishable from the instant case. The parties in *Walker* agreed that the husband's pension benefits would be awarded to him as property, whereas in the instant case the parties proceeded to trial without such an agreement. Here, the court, in separate provisions, awarded defendant alimony, ordered the distribution of certain assets, and awarded plaintiff his pension. None of

these provisions was dependent upon the others.
The award of retirement benefits was not a part of
the property settlement, nor was the award of
alimony conditioned upon the property settlement
or receipt of retirement benefits. Instead, the over-
all award was structured so that both plaintiff and
defendant could adequately meet their living ex-
penses.

In any event, we do not think that *Walker*
should be read as establishing a per se rule termi-
nating permanent alimony upon the retirement of
the obligor. Such a rule is inconsistent with the
general principles of equity which have tradition-
ally governed this Court's review of divorce ac-
tions. Instead, the decision whether to terminate
alimony upon the retirement of the party obli-
gated to pay alimony when a pension has been
awarded to the obligor should be decided on a case-
by-case basis. In this case, there is nothing in the
record to suggest that defendant was expected to
provide for her own support out of the limited
property division after plaintiff's retirement. It
seems rather clear that the trial court was aware
of plaintiff's impending retirement and recognized
defendant's need for support assistance on an in-
definite basis. Although the court awarded plaintiff
his pension outright, the award of alimony for an
indefinite period clearly indicates an intent on the
part of the trial court to provide defendant a
means of support even after plaintiff's retirement.
While the division of a marital asset such as a
pension through an award of alimony is not al-
ways favored, see *Keen v Keen,* 160 Mich App 314,
316-317; 407 NW2d 643 (1987), it is an acceptable
method of distributing a pension in some cases.
See *Hatcher v Hatcher,* 129 Mich App 753, 766;
343 NW2d 498 (1983), *Perry v Perry,* 133 Mich
App 453, 457; 350 NW2d 275 (1984), and *Rust v*

*Rust,* 143 Mich App 704, 706; 373 NW2d 197 (1985). Such a remedy seems appropriate in the instant case given the limited cash resources available to defendant and given the liberal pension benefits to be enjoyed by plaintiff and which were accrued during this rather lengthy marriage.

The only remaining issue is whether the trial court erred in finding that plaintiff had failed to carry his burden of proving changed circumstances in support of his motion for modification. *Rapaport v Rapaport,* 158 Mich App 741, 746; 405 NW2d 165 (1987), modified 429 Mich 875 (1987). In our view, plaintiff has proven his retirement but has failed to show a change in the resources available to him for living expenses. Upon his retirement, plaintiff began receiving net regular monthly payments of $2,503.02, or $577.62 per week. Although it is unclear whether plaintiff's pension benefits will become subject to income tax, the Friend of the Court referee estimated that, even allowing for tax deductions, plaintiff's weekly checks will net him $430.21. At the time of the divorce, plaintiff's net income was $474.20 per week. Accordingly, we affirm the trial court's order denying plaintiff's motion for modification.

Affirmed.

L. P. BORRELLO, J., concurred.

KELLY, J. *(dissenting).* I don't think we should sweep away the solid underpinnings and blur the bright line ruling in *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986). I resolutely reaffirm the *Walker* holding and wholeheartedly agree with the ruling that a spouse who is awarded pension benefits "free and clear from any and all claims" of the opposite party cannot have that benefit recategorized as income upon retire-

ment for purposes of determining ability to pay
alimony.

Is this such a case?

These parties were married June 16, 1950. At
the time of the divorce the husband was fifty and
the wife forty-nine. The property settlement provi-
sions of the divorce are as sparse as I have ever
seen and cover only a page and a quarter of a four-
page judgment. The judgment itself offers no clue
as to the relative value of the proportions of
property awarded to the parties. Trial was con-
ducted before the Honorable Arthur E. Moore, a
visiting circuit judge sitting in Macomb County on
July, 26, 1979. The court made findings of fact in
which it stated:

> The Judgment of Divorce will recognize the
> settlement which you have made of property and
> assets previously. They were made voluntarily,
> and there is no reason why they should be inter-
> ferred [sic] with. They give both parties home [sic,
> some?] rights.

In the division of assets the wife got $36,500
from the sale of the home, the husband got his
pension valued at $26,500 and $6,500 from the sale
of the home for a total of $33,000. As to the
retirement benefit the trial judge stated as follows:

> I also find and determine that an asset involved
> in this litigation, or at least discussed in it, is Mr.
> Stoltman's right to retirement benefits, and here
> the only testimony which is available, and which I
> accept, is that as of the present time that retire-
> ment benefits [sic] has a cash value, alternatively,
> of twenty-six thousand five hundred dollars, or
> thereabouts. The terms of that retirement are that
> he may designate himself, or a future wife, or
> other beneficiary as he chooses.
> Now, under the law, and he has the right, as it

is presently provided, to take his own retirement if and when he retires, and that he is not under any requirement of early retirement, or specified retirement, and that it is uncertain at this time when he will retire and become entitled to his retirement. For this reason, I think it is particularly important to note the following findings: There is nothing to indicate that Mr. Stoltman isn't reasonably well. On the other hand, it is notable from both the testimony and appearance of Mrs. Stoltman, that she has been, and is ill to a considerable extent, and that she is emotionally excitable, and somewhat, I would think, resultant combustibly, emotionally unstable, and is unemployed for that reason, and will not be employed unless much change for the good. [sic] Since she is not employed now, and he is employed, and may be employed for a considerable time, the alimony allowance should be quite liberal.

The court continued on with regard to the award of alimony:

I find and determine he is presently supporting and living with another woman as a family entity, which is in violation of his obligation as a married person. I find, and determine, that it is fair for the Court to demand and require payment of alimony for a continuing period of time; namely for an indefinite time unless and until a change of circumstances show [sic] that it should be modified. That is the reason why the law provides for modification in alimony situations. Since the parties have been unable to agree upon the amount of alimony, or upon the limitation, any limitation on alimony, it will be an order that it is continuing until further order of the Court.

Turning to the amount of alimony, since the alimony may continue for some considerable time, I think it's only fair and reasonable that the retirement benefits which he may have, be decreed to be his own and separate property, and because

of that being one of the reasons, because of that, it is a good reason for some liberality in alimony.

In setting the alimony the trial judge completely garbled the amounts and came out with a figure of $200 per week alimony. For some reason a judgment was not entered thereafter until November 13, 1979, by a different judge, Judge James C. Daner, incorporating the $200 figure. On April 3, 1980, the husband convinced Judge Daner, and presumably the Friend of the Court, that Judge Moore had garbled the figures and the alimony award was reduced to $130 per week retroactive to the date of the judgment, November 13, 1979.

In the *Walker* case there are very few facts presented. They may of course be irrelevant but we do not know the length of the marriage, the amount of the alimony, the amount of the property settlement, or the amount of the pension benefits. In the case at bar we know the ages of the parties, the very modest amount of the property settlement, and the cash evaluation of the plaintiff's retirement benefits as of July 26, 1979: $26,500.

However, immediately prior to plaintiff's retirement on April 3, 1986, his weekly gross salary was $577.62. We don't know his net pay. His subsequent net retirement income was estimated at $430.21 per week. This retirement income evidences almost no diminution in income from plaintiff's 1979 salary of $474.20 net per week. Therefore, the evaluation of plaintiff's pension made in July, 1979, was either grossly understated because of a tiered or platform evaluation or was an inaccurate valuation.

I think what the last successor judge (Judge Bruff) did in his order of May 9, 1986, was eminently correct when he remanded to the Friend of

the Court to investigate plaintiff's income and make a recommendation. However, he should have permitted evaluation only of that amount of plaintiff's pension which constituted an increase from July, 1979, to his retirement, April 3, 1986. In other words, plaintiff husband should not have to pay alimony out of the amount of the pension he was awarded in November of 1979. That should be excluded from the trial court's assessment of his ability to pay when considering the reduction of alimony because of his retirement. I do not suggest how this should be accomplished. Certainly at a minimum plaintiff husband should not have to pay alimony out of his pension until he himself has received $26,500 from it.[1] There might be consideration of how much the pension was enhanced after the date of the termination of the marriage so that the portion of the pension attributable to the valuation of the pension through 1979 would be excluded from the amount available for consideration as income. There must be other possibilities to be considered and presumably these would be presented to the trial court on remand.[2] As observed in *D'Oro v D'Oro,* 193 NJ Super 385, 388; 474 A2d 1070, 1071 (1984), "a substantial argument may be made that no matter how much is paid to the pensioner, the payments should not be

[1] If the trial court considers that the husband would not have to pay alimony out of his pension until he had himself received the amount awarded to him for that pension, namely, $26,500, it would appear appropriate that expert comparison be made between the valuation in July of 1979 and the valuation commencing April of 1986, when the actual cash payment of benefits was begun. It is incontrovertible that the 1979 dollars had more purchasing power than the 1986 dollars, but the experts may not agree on how much.

[2] The parties should look to other jurisdictions for clues as to the possible alternatives. See, for example, *Pelot v Pelot,* 116 Wis 2d 339; 342 NW2d 64 (1983), and New Jersey has treated some of the questions in at least four cases. See *D'Oro v D'Oro,* 193 NJ Super 385; 474 A2d 1070 (1984), *Johns v Johns,* 208 NJ Super 733; 506 A2d 854 (1985), *Staver v Staver,* 217 NJ Super 541; 526 A2d 290 (1987), and *Horton v Horton,* 219 NJ Super 76; 529 A2d 1034 (1987).

regarded as income for alimony purposes." The competing considerations must be threshed out below. I do not suggest how they be resolved. I do not agree with the implication that since "there is nothing in the record to suggest that defendant was expected to provide for her own support . . . " the plaintiff ought to support her.

I would remand to the trial court for an evidentiary hearing on the amount of plaintiff husband's income that is available for award of alimony, the jurisdiction to modify same having been specifically retained in the trial court's judgment of divorce.[3] The trial court should then exercise its discretion and decide the motion to modify based upon its fact-finding. This panel should retain jurisdiction to review by means of an appropriate motion if either party is aggrieved by that decision.

---

[3] The trial court stated:

> I find, and determine, that it is fair for the court to demand and require payment of alimony for a continuing period of time; namely for an indefinite time unless and until a change of circumstances show [sic] that it should be modified. That is the reason why the law provides for modification in alimony situations.