

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# In Re: Galtieri

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Galtieri " (2006). *2006 Decisions.* Paper 1573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 04-2256 and 04-2257
_____

IN RE: GALTIERI,

Debtor

JOHN F. GALTIERI

v.

JEANNE GALTIERI

Theodore J. Liscinski,

Trustee

John F. Galtieri,

Appellant

_____

NO. 04-2259

_____

IN RE: GALTIERI,

Debtor

JOHN F. GALTIERI

v.

JEANNE GALTIERI;
KAREN SCHERMOND;
RONALD ROSEN

Theodore J. Liscinski,

Trustee

John F. Galtieri,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. Nos. 03-cv-01271, 03-cv-03547 and 04-cv-01355)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 3, 2006

Before: ROTH, RENDELL AND AMBRO, Circuit Judges.

(Filed: February 16, 2006)

_____

OPINION
_____

PER CURIAM

John F. Galtieri appeals the April 20, 2004 order of the United States District

Court for the District of New Jersey affirming three rulings of the United States

Bankruptcy Court for the District of New Jersey.  We will affirm.

The history of this litigation is well known to the parties and to this Court.  The

factual background is set forth in the District Court's opinion, and thus we do not recount

2

it at length.  Suffice it to say that Galtieri brought five previous appeals before this

Court,[1] two of which originated from his bankruptcy proceedings, and all of which related

to his divorce proceedings in the New Jersey Superior Court, Chancery Division.  Galtieri

and his ex-wife, appellee Jeanne Galtieri, have been engaged in litigation since the year

2000.

Since the time of Galtieri's previous appeals arising from his bankruptcy

proceedings, Galtieri brought three adversary proceedings in Bankruptcy Court.  He

sought determination of issues relating to the division of certain items in the marital

estate, alleging, inter alia, that the state court violated state law and the bankruptcy

automatic stay in ruling that his New York City Police Department disability pension and

Social Security disability benefits are considered as income for purposes of determining

alimony and support obligations.  In its February 25, 2003 order, the Bankruptcy Court

incorporated the findings of its March 13, 2002 and June 12, 2002 orders, in which it had

abstained on a permissive basis under 28 U.S.C. § 1334(c)(1) from deciding issues related

to the state court proceedings.  Concluding that continued abstention in favor of the state

court remained justified, the Bankruptcy Court dismissed the adversary proceedings.

Subsequently, on May 19, 2003, the state court issued a final judgment of divorce.

In its order, the state court made specific awards to Jeanne Galtieri in the distribution of

---

[1] John Galtieri's previous appeals to this Court are found at C.A. Nos. 02-4090, 02-4091, 03-2407, 03-3310, and 03-2994.

3

marital property, including that she immediately receive 50% of the net proceeds from the sale of the marital residence, 50% of the proceeds of a mortgage held by the parties, and $30,000 for jewelry belonging to Jeanne Galtieri and taken by the Appellant. In addition, after a hearing, the state court found that Jeanne Galtieri suffered from battered wife syndrome and awarded Jeanne Galtieri a total of $400,000 damages on her claim of spousal abuse under Tevis v. Tevis, 400 A.2d 1189 (N.J. 1979). The state court also ordered Galtieri to pay permanent alimony via garnishment from his Social Security disability benefits. Moreover, the state court awarded additional sums for counsel fees and payment of pendente lite support arrears. Galtieri did not appear for the trial and did not appeal the final judgment of divorce. However, he filed in Bankruptcy Court a motion to enforce earlier orders of the state court regarding distribution of certain items of the marital estate. After a hearing, the Bankruptcy Court denied Galtieri's motion without prejudice to his seeking state court remedies regarding those issues.

Galtieri also filed two adversary proceedings in Bankruptcy Court against the Trustee of the bankruptcy estate. In one proceeding, Galtieri sought distribution of bankruptcy estate assets to himself from the proceeds of the sale of the marital home, asserting, among other things, that he was entitled to an exemption under 11 U.S.C. § 522(d)(1) (the "homestead" exemption). In the other adversary proceeding, Galtieri sought injunctive relief from the state court's orders–namely, relief from the divorce judgment. Galtieri also sought damages against Jeanne Galtieri and her state court

4

counsel for alleged fraud, and damages against the Trustee for alleged negligent failure to fight the Tevis claim. The Trustee filed a motion for summary judgment and a motion to approve distribution of estate assets. After a hearing, the Bankruptcy Court dismissed the adversary proceedings and approved the distribution of assets. In so doing, the Bankruptcy Court noted its earlier abstention on a wide range of matrimonial issues before the state court.

The District Court affirmed the Bankruptcy Court's three rulings, and Galtieri appeals. The three appeals have been consolidated. We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291, and we exercise plenary review. In re Swedeland Development Group, Inc., 16 F.3d 552, 559 (3d Cir. 1994). However, we observe that Galtieri again seeks to raise issues relating to the March 13, 2002 and June 12, 2002 orders of the Bankruptcy Court, in which the Bankruptcy Court abstained on a permissive basis under 28 U.S.C. § 1334(c)(1) from deciding issues related to the state court proceedings. For instance, Galtieri asserts that Jeanne Galtieri's state court Tevis claim was barred by the statute of limitations. To the extent that the Bankruptcy Court determined that permissive abstention was still warranted in favor of the state court, and to the extent that Galtieri appeals that determination in his appeal to this Court, we conclude–as we did in Galtieri's previous appeal at C.A. No. 02-4091, in which he raised his statute of limitations argument–that section 1334(d) precludes review by this Court of that decision to abstain. Citing Pepper v. Litton, 308 U.S. 295 (1939), Galtieri argues

5

that the existence of fraud committed on the state court by Jeanne Galtieri and her lawyers allows this Court to review the state court issues. We see no reason to apply such reasoning in the case before us. As the Bankruptcy Court noted, Galtieri's challenges to the proofs offered in support of Jeanne Galtieri's Tevis claim and her claim of taken jewelry, as well as his statute of limitations argument regarding the Tevis claim, should have been raised at trial and on appeal to the state appellate courts.[2]

Galtieri next contends that the Bankruptcy Court's distribution of bankruptcy estate assets to pay the state court judgment regarding alimony arrears is contrary to New Jersey law. Citing N.J.S.A. 2A:34-23 and case law such as D'Oro v. D'Oro, 454 A.2d 915 (Ch. Div. 1982), aff'd, 474 A.2d 1070 (App. Div. 1984), Galtieri asserts that property equitably distributed in divorce is immune from alimony and support obligations. Thus, he reasons that Jeanne Galtieri cannot lawfully enforce the arrears judgment against his homestead exemption under 11 U.S.C. § 522(d)(1) because the exemption originates from his equitably distributed share of the marital home sale proceeds.

We are not persuaded by this argument. The state statute contains a codification of

---

[2] Galtieri maintains that he was held in default by the state courts, was denied access to the trial, and was not permitted to participate in the trial. However, the state court judgment notes that Galtieri failed to appear for the hearing, without notice or explanation in accordance with court rules. The judgment further notes that Galtieri had been given the opportunity to participate at trial by telephone but did not make himself available until the second day of trial. The state court thus denied Galtieri's telephone request on the second day of trial to cross-examine Jeanne Galtieri and other witnesses. Galtieri did not appeal the state court's judgment.

the holding of D'Oro, specifically, that "[w]hen a share of a retirement benefit is treated as an asset for purposes of equitable distribution, the court shall not consider income generated thereafter by that share for purposes of determining alimony." See Innes v. Innes, 569 A.2d 770, 774-75 (N.J. 1990) (citing N.J.S.A. 2A:34-23). This is so whether the court makes an initial alimony award or a modification thereto. Id. at 775. Despite Galtieri's vigorous reliance on this concept, the prohibition against "double dipping" is not implicated in the Bankruptcy Court's order dismissing Galtieri's adversary proceedings and distributing bankruptcy estate assets. It is doubtful that Galtieri's claimed exemption in his share of proceeds from the marital home sale constitutes a share of a "retirement benefit" for which "double dipping" is not permitted. See Steneken v. Steneken, 873 A.2d 501, 505-509 and n.5. More importantly, the Bankruptcy Court did not make or modify an alimony determination in distributing assets of the bankruptcy estate. Rather, the Bankruptcy Court explained that 11 U.S.C. § 522(c)(1) allows access to property otherwise exempt under 11 U.S.C. § 522(d)(1) for the alimony arrears judgment, which exceeds the amount of Galtieri's claimed exemption. We reject Galtieri's "double-dipping" theory of attack on the Bankruptcy Court's order.

Galtieri also argues that, in its interim order dated September 16, 2002, the state court incorrectly categorized his New York City disability pension and Social Security disability benefit as income for purposes of determining his alimony obligation. Instead, he maintains that the pension and disability benefits are marital assets subject to equitable

7

distribution, and, under his "double dipping" argument, those assets are "immune" from alimony.[3]  Once again, the Bankruptcy Court determined that permissive abstention on these issues was warranted in favor of the state court.  To the extent that Galtieri appeals that abstention decision, we conclude–as we did in Galtieri's previous appeal at C.A. No. 02-4090 in which he disputed the state court's treatment of the pension and disability benefits–that 28 U.S.C. § 1334(d) precludes review by this Court.  We note that the Bankruptcy Court specifically found that neither the pension nor the disability benefits are property of the bankruptcy estate, and in effect, Galtieri is seeking review of a state court matter.  Such review should be pursued in the state court system.

Finally, we address Galtieri's argument that the state court's judgment of divorce directing him to pay counsel fees is unenforceable against him, his property, or against the bankruptcy estate.  Galtieri relies on Bankruptcy Code provisions, noting the statutory distinction between non-dischargeable alimony and support obligations versus the exception for a liability merely designated as alimony or support (unless the liability is "actually in the nature of" alimony or support).  See, e.g., 11 U.S.C. § 523(a)(5)(B).

---

[3]  Galtieri then proceeds to argue that the pension and disability benefits are not subject to equitable distribution, either, because they belong to him alone.  Interestingly, on this point, Galtieri references several New Jersey cases in his brief, stating that "while the asset was not subject to equitable distribution, nonetheless, income therefrom may be considered as a factor in alimony awards."  Appellant's Br. at 39 (Appellant's emphases removed).  This reference thus seems to bring Galtieri full-circle to the state court's conclusion that the pension and disability benefits constitute income for purposes of determining alimony.

8

Here, the state court ordered the fees to be paid directly to counsel, with "the intention . . . to designate all counsel fees as support for the Defendant [Jeanne Galtieri] and, as such, they shall be non-dischargeable in bankruptcy. . . ." (N.J. Super. Ct. Ch. Div. May 19, 2003 Judgment at 7-8.) Galtieri argues that these fees are not "actually" in the nature of alimony, and the fee awards are thus unenforceable in bankruptcy, presumably because he has received a discharge of his debts. We note that Galtieri does not dispute the Bankruptcy Court's treatment of the counsel fee awards as having accrued post-petition, and he acknowledges that the fees would be paid from post-petition funds (i.e., from his pension and disability payments), not from the bankruptcy estate. We discern no error in the Bankruptcy Court's findings and conclusions on this subject. To the extent that Galtieri argues that the state court's award of counsel fees is unenforceable against him personally in his post-bankruptcy status, or that the fee award is otherwise unjust, such matters are within the province of the state courts.

We have considered all of the arguments in Galtieri's submissions to this Court, and we find them to be without merit. To the extent that Galtieri appeals the Bankruptcy Court's decisions to abstain under 28 U.S.C. § 1334(c)(1), we lack jurisdiction to review the abstention decisions. On the remaining issues, we will affirm.

9