*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES PUTNAM DEAN,

       Plaintiff-Appellee,

v

FRANCES JOYCE DEAN,

       Defendant-Appellant.

UNPUBLISHED
May 18, 2023

Nos. 359888; 361524
Oakland Circuit Court
LC No. 1998-603993-DO

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant appeals the trial court's postjudgment order terminating plaintiff's spousal support obligation and denying defendant's request for attorney fees. In Docket No. 359888, defendant appeals as of right the portion of the order denying her request for attorney fees. In Docket No. 361524, defendant appeals by delayed leave granted the portion of the order terminating plaintiff's spousal support obligation.[1] We affirm.

## I. FACTS AND PROCEEDINGS

This case arises from plaintiff's September 2021 motion to terminate spousal support because of his impending retirement later that year. The parties divorced in 1998 and, pursuant to a consent judgment of divorce, plaintiff initially paid defendant $4,200 a month in spousal support and contributed to defendant's out-of-pocket prescription medication costs. In 2012, plaintiff moved to modify spousal support and his obligation was reduced to $2,850 a month and a $1,000 yearly cap was placed on the contribution to defendant's prescription medication costs. In 2021, plaintiff filed the present motion seeking to terminate his spousal support obligation. Defendant opposed the motion and requested that plaintiff contribute to her attorney fees incurred in defending the motion. After an evidentiary hearing, the trial court granted the motion to terminate

---

[1] *Dean v Dean*, unpublished order of the Court of Appeals, entered November 9, 2022 (Docket No. 361524).

spousal support and denied defendant's request for attorney fees. Defendant also moved for reconsideration, which the trial court denied. These appeals followed.

## II. DOCKET NO. 359888

Defendant argues that the trial court abused its discretion by denying her request for attorney fees. We disagree.

This Court reviews "a trial court's ruling on a request for attorney fees for an abuse of discretion. An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008) (citations omitted).

"Michigan follows the 'American Rule,' which states that 'attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract.' In a divorce action, attorney fees are permitted by statute and court rule." *Skaates v Kayser*, 333 Mich App 61, 84; 959 NW2d 33 (2020) (citations omitted). Defendant requested a contribution toward her attorney fees under MCR 3.206(D), which provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

At issue here is whether defendant was entitled to attorney fees under MCR 3.206(D)(2)(a).

In her evidentiary hearing brief, defendant alleged that payment of her attorney fees would require her to draw from her life savings and that plaintiff had substantially more resources. Defendant, however, did not present any evidence regarding her attorney fees at the evidentiary hearing. The trial court denied her request on the ground that defendant failed to provide any evidence and, thus, had abandoned the request.

On appeal, defendant argues that the evidence presented at the hearing established her inability to pay and plaintiff's ability to pay, and if the trial court had made a finding on the basis of the evidence, she would have presented evidence regarding the reasonableness of the requested fees.

In *Skaates*, 333 Mich App at 85, the defendant similarly alleged in his trial brief that he was unable to pay the costs associated with litigation, but at the final divorce hearing he "failed to offer any evidence outlining the details of his attorney fees, such as hourly rate, number of hours worked, and the experience level of his attorney." This Court concluded that the defendant "bore the burden of submitting *sufficient* facts to justify the award, and the trial court did not abuse its discretion by determining that defendant failed to satisfy his burden." *Id*. at 85-86 (citation omitted).

In this case, defendant bore the burden of submitting sufficient facts to justify the award of attorney fees. She presented no documentation to support her attorney fee request at the evidentiary hearing. Indeed, she never even disclosed the amount of her attorney fees, either at the evidentiary hearing, in her evidentiary hearing brief in which she requested attorney fees, or in her motion for reconsideration. To the extent that defendant argues that the evidence at the evidentiary hearing demonstrated that plaintiff had a greater financial ability to pay her attorney fees, the court rule also required defendant to demonstrate that she "is unable to bear the expense of the action." MCR 3.206(D)(2)(a). Both parties had retired and their monthly expenses exceeded their monthly retirement incomes, but both parties also had access to various retirement and savings accounts. But because defendant did not present any evidence of the amount of her attorney fees, there is no basis to determine that she lacked the ability to pay her unspecified attorney fees. Thus, she failed to satisfy her burden and the trial court did not abuse its discretion by denying her request.[2]

## III. DOCKET NO. 361524

Defendant also argues that the trial court abused its discretion by terminating spousal support. We disagree.

This Court reviews for clear error a trial court's factual findings related to an award of spousal support. *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019). "A finding is clearly erroneous if, after a review of the record, we are left with a definite and firm conviction that the trial court made a mistake." *Id*. This Court reviews for an abuse of discretion the trial court's ultimate ruling regarding spousal support and "[t]he trial court's dispositional ruling must be affirmed unless the appellate court is firmly convinced that it was inequitable." *Berger v Berger*, 277 Mich App 700, 727; 747 NW2d 336 (2008).

"A trial court may modify spousal support on the basis of new facts or different circumstances arising after entry of the divorce judgment. The burden is on the party seeking modification to establish that the new facts or changed circumstances warrant modification." *Lueck*, 328 Mich App at 405 (citations omitted). "If the court finds that a party has established a change in circumstances, it must then make factual findings from which to conclude whether the alimony should be modified and, if so, by what amount." *Luckow v Luckow*, 291 Mich App 417,

---

[2] Although the trial court denied the request on the basis that defendant abandoned her request for attorney fees, it reached the correct result. See *Kelley v Gen Motors, LLC*, 335 Mich App 349, 368-369; 966 NW2d 716 (2021) (affirming the lower court's judgment even though it was based on a different rationale).

424; 805 NW2d 453 (2011) (quotation marks and citation omitted). As this Court explained in *Luckow*, a court considers the following factors in awarding spousal support:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, and (11) general principles of equity. [*Id.* (quotation marks and citation omitted).]

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger*, 277 Mich App at 726.

Preliminarily, defendant does not dispute that plaintiff's retirement constituted a change in circumstances. Rather, she argues that the trial court improperly terminated, rather than modified, spousal support. Defendant first contends that the trial court improperly focused on the total amount of spousal support that plaintiff had paid since the divorce. The trial court did indeed rely on its finding that plaintiff had paid almost $1 million in total spousal support since the divorce as a factor in its decision. This figure was supported by plaintiff's testimony at the evidentiary hearing and not disputed by defendant. While the amount of spousal support is not an enumerated factor, it may be relevant to "general principles of equity." *Luckow*, 291 Mich App at 424. Thus, the trial court did not necessarily err by considering this factor. The trial court did not terminate spousal support on this basis alone, and, contrary to defendant's argument, there is no indication that the court placed undue weight on this factor.

Defendant also argues that the trial court incorrectly believed that it had a binary choice between continuing the $2,850 monthly payment and termination. The trial court's opinion shows that it did not consider its decision to be a binary choice between continuing the current level of spousal support or terminating spousal support. The trial court stated that the relevant factors that must be assessed in order to determine "what, *if any*, spousal support award is appropriate[.]" After considering the relevant factors, the court concluded: "The intent of this Court is to provide for a result which mirrors the parties' intentions, and the Court further seeks to place the parties in parity with one another. Short of terminating the current spousal support award, the Court cannot achieve that goal." These statements make clear that the trial court did not consider its decision as a binary choice between continuing the current level of spousal support or terminating spousal support. Rather, it considered whether any amount of spousal support was appropriate and found that termination was the appropriate option.

Defendant asserts that complete termination of spousal support is "cruel" given her medical needs. The trial court, however, made detailed findings regarding defendant's health and "ongoing difficulties." The court further acknowledged that the parties' daughter provided assistance to defendant and that if she did not provide such assistance, "a care provider would need to be retained at considerable expense." Defendant's testimony did not establish that her medical conditions and needs had caused any significant financial hardship at that time. Plaintiff's attorney

acknowledged at the hearing that spousal support could be modified in the future if circumstances changed.

In her brief on appeal, defendant also asserts that plaintiff admitted that continuing the same level of spousal support would not have had any effect on his lifestyle. In response, plaintiff argues that he will be forced to tap into his retirement assets. In her reply brief on appeal, defendant asserts that only the source of plaintiff's income had changed. Defendant relies on *Ackerman v Ackerman*, 197 Mich App 300, 303; 495 NW2d 173 (1992), in which this Court explained that the defendant's receipt of proceeds under a disability insurance policy bore directly on his ability to pay spousal support and the trial court's finding that there was no change of circumstances was clearly erroneous. This Court has similarly concluded that to prove a change in circumstances, a party must "show a change in the resources available to him for living expenses." *Stoltman v Stoltman*, 170 Mich App 653, 659; 429 NW2d 220 (1988). These cases, however, relate to the determination of whether there exists a change in circumstances, which is not at issue in this case. Nonetheless, a reduction in income does not mandate a reduction in spousal support. See *Andrusz v Andrusz*, 320 Mich App 445, 459; 904 NW2d 636 (2017).

In this case, the trial court found that both parties would have to use their savings to supplement their income in order to cover their monthly expenses. However, it found that if forced to continue paying spousal support at the current level, plaintiff would deplete his savings at a much higher rate. On the basis of the trial court's findings regarding the parties' assets, income, and expenses, which defendant does not challenge on appeal, the trial court's finding that plaintiff would deplete his resources at a faster rate than defendant is not clearly erroneous. Given that defendant's arguments otherwise lack merit, the trial court's decision is not inequitable. Accordingly, we affirm the court's decision.

Affirmed in Docket Nos. 359888 and 361524.


/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford