## WALKER v WALKER

Docket No. 89161. Submitted July 28, 1986, at Detroit. Decided October 8, 1986.

In 1980, Vera Walker sought and obtained a divorce from Royden Walker following pro confesso proceedings in Wayne Circuit Court. The judgment of divorce incorporated the parties' agreed-upon alimony and property settlement. The property settlement agreement provided that defendant was entitled to his pension and retirement benefits free and clear from any and all claims of the plaintiff. In 1985, defendant, in anticipation of his retirement, moved to modify the alimony provision to reflect the decrease in his income because of his retirement. The circuit court, Robert J. Colombo, Jr., J., denied the motion, holding that defendant's retirement income was relevant to his ability to pay alimony. Defendant appealed.

The Court of Appeals *held:*

Since the parties agreed to treat defendant's pension interest as property and to vest that property in defendant free and clear from any claim by plaintiff, it was error for the trial court to abrogate the impact of that agreement and judgment by now treating those retirement benefits as income for the purpose of determining defendant's ability to pay alimony.

Reversed and remanded.

DIVORCE — ALIMONY — PENSIONS — CONSENT JUDGMENTS.

A party, in the absence of fraud, mistake or unconscionable result, is bound by an order or judgment which is entered pursuant to a stipulation or consent; accordingly, it is error for a trial court in considering a motion to amend an alimony award to consider pension income in determining a party's

REFERENCES

Am Jur 2d, Divorce and Separation §§ 710-714.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

Divorce: power of court to modify decree for alimony or support of spouse which was based on agreement of parties. 61 ALR3d 520.

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

ability to pay alimony where, in the consent judgment of divorce, the parties agreed that pension and retirement benefits would be treated as a property interest that would be taken free and clear of any claim of the other party.

*Perlman, Garber, Holtz & Cash, P.C.* (by *Judith A. Holtz* and *Arthur W. Cash, Jr.*), for defendant.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

PER CURIAM. Defendant, Royden Walker, appeals the November 12, 1985, order of the Wayne Circuit Court, which denied the defendant's motion to modify the alimony provision of the parties' judgment of divorce. The defendant's motion was made in anticipation of his retirement and the resultant decrease in his income. Following a hearing on the motion, the trial court ruled that the defendant's retirement pension income was relevant to his ability to pay alimony. The defendant now contends that the pension benefits were improperly considered by the court.

The parties' judgment of divorce, entered on June 17, 1980, was the result of pro confesso proceedings. Included in the judgment is the parties' agreed-upon alimony and property settlements. Among the property awarded to defendant was his "pension and retirement benefits to which he may be entitled due to his employment . . . free and clear from any and all claims on the part of the Plaintiff." The judgment clearly designates the defendant's pension interest as property, vested solely in defendant.

When a party approves an order or consents to a judgment by stipulation, the resultant judgment or order is binding upon the parties and the court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Wold v Jeep Corp,* 141 Mich App 476, 479; 367 NW2d 421 (1985), lv den 423 Mich 859 (1985); *Christopher v Nelson,* 50 Mich App 710, 712; 213 NW2d 867 (1973), lv den 391 Mich 819 (1974). Absent fraud, mistake or unconscionable advantage, a consent judgment cannot be set aside or modified without the consent of the parties, *Greaves v Greaves,* 148 Mich App 643, 646; 384 NW2d 830 (1986), nor is it subject to appeal, *Trupski v Kanar,* 366 Mich 603, 607; 115 NW2d 408 (1962). Thus, we have repeatedly upheld the binding nature of property settlements in divorce actions. *Kline v Kline,* 92 Mich App 62, 71-72; 284 NW2d 488 (1979).

In the instant case, plaintiff consented to a judgment of divorce which awarded defendant's pension benefits to him as property. Both plaintiff and the court are now bound by that settlement. The defendant's pension cannot now be recategorized as income in determining his ability to pay alimony. To hold otherwise would violate the binding divorce judgment as well as the equitable principles upon which divorce actions are based. See *Ripley v Ripley,* 112 Mich App 219, 227; 315 NW2d 576 (1982).

Accordingly, the trial court's order of November 25, 1985, is reversed, and this case remanded for proceedings consistent with this opinion.