LANG v LANG

Docket No. 99629. Submitted April 19, 1988, at Grand Rapids. Decided June 20, 1988. Leave to appeal applied for.

Plaintiff, Isabelle E. Lang, and defendant, Donald F. Lang, were divorced in 1976 by order of the Calhoun Circuit Court. The divorce judgment expressly reserved the question of alimony for plaintiff and provided that each party would receive as his or her sole and separate property free from any and all claims of the other all cash, bank accounts, and retirement benefits in his or her possession or to which he or she was entitled. At the time, defendant was receiving approximately $15,000 per year in retirement benefits. In 1984, plaintiff sought an award of alimony, and the court, after considering the various factors pertinent to an award of alimony, including defendant's retirement income, as bearing on defendant's ability to pay, granted plaintiff weekly alimony of $137, James C. Kingsley, J. Defendant appealed, arguing that the court erred in considering his retirement income when making the alimony award.

The Court of Appeals *held:*

Where a retirement plan, rather than the periodic benefits payable under a plan, is treated as a marital asset, there is no reason why the benefits thereafter derived from the plan should not be considered in determining the need for, or the ability to pay, alimony. Under the circumstances of this case, the trial court correctly concluded that the express reservation of alimony had to be taken as contemplating that defendant's retirement income would be considered in any future determination of alimony.

Affirmed.

1. DIVORCE — ALIMONY — PENSIONS — CONSENT JUDGMENTS.

The rule against altering property settlements might bar consid-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 657 *et seq.,* 685 *et seq.,* 838 *et seq.*

Divorce: power of court to modify decree for alimony or support of spouse which was based on agreement of parties. 61 ALR3d 520.

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

eration of periodic benefits payable under a retirement plan in a future award or modification of alimony where it is the periodic benefits rather than the plan itself which is considered as a marital asset and divided under the property settlement; however, if the retirement plan itself is treated as a marital asset, there is no reason why the benefits thereafter derived from the plan should not be considered in determining the need for, or the ability to pay, alimony.

2. DIVORCE — PROPERTY AGREEMENTS — JUDICIAL CONSTRUCTION.
   The agreements of parties to a divorce may be binding, but the construction of those agreements is for the court to decide.

*Ronald A. Lebeuf,* for plaintiff.

*Holmes, Mumford, Schubel, Norlander & Mac-Farlane* (by *James D. Norlander*), for defendant.

Before: WEAVER, P.J., and G. R. McDONALD and W. R. PETERSON,* JJ.

W. R. PETERSON, J. Defendant appeals as of right from a 1987 postjudgment order which modified a 1976 judgment of divorce to grant plaintiff weekly alimony of $137. The original judgment had expressly reserved the question of alimony for plaintiff and the propriety of the award is not challenged either as to the jurisdiction of the court to make the postjudgment award or as to the need of the plaintiff for alimony.[1]

The sole question presented is whether the trial court in making the alimony award could take into consideration the defendant's retirement in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] While defendant's brief argues that there was no compelling evidence to justify alimony, the issue was not disputed in the trial court and plaintiff's testimony was uncontradicted. Were plaintiff's need an issue, we would vacate or modify the award made by the trial judge only if on de novo review we were persuaded that we must arrive at a different result. *Boyd v Boyd,* 116 Mich App 774; 323 NW2d 553 (1982). The evidence herein as to plaintiff's deteriorating health and reduced income amply justify the findings of the trial judge and his award based thereon.

come when the prior consent judgment, incorporating the property settlement of the parties, had awarded his "retirement benefits" to him as part of the property settlement.

The original judgment of divorce, in addition to the provision reserving the question of alimony, contained within its property settlement terms the provision that each party should "receive as [his/her] sole and separate property free from any and all claims of [the other], all of the following: . . . [a]ll cash, bank accounts and retirement benefits in [his/her] possession or to which [he/she] is entitled." Plaintiff had no retirement plan, but defendant was retired from federal employment and was, at that time, receiving approximately $15,000 per year in retirement benefits. The judgment also required that defendant continue plaintiff as the beneficiary under his retirement plan and under certain life insurance policies, such designation to be irrevocable until the death or remarriage of plaintiff, and further provided that the court was to have continuing jurisdiction for the purpose of enforcing that provision of the judgment.

Defendant did not attend the hearing in the trial court and had refused to provide information regarding his financial affairs. Some information had been obtained from him by deposition and this, together with the evidence offered by plaintiff, established that defendant had admitted to income in 1984 in excess of $22,000; that defendant at unspecified times after retirement had part-time jobs; that defendant also received social security benefits in an unspecified amount; that defendant had over $20,000 in bonds; and that defendant had not designated plaintiff as beneficiary on his retirement plan and on the life insurance policies as required by the divorce judgment.

Pursuant to MCL 552.23; MSA 25.103, the trial court considered the various factors pertinent to an award of alimony, *Charlton v Charlton,* 397 Mich 84; 243 NW2d 261 (1976), which includes the income and the income-producing abilities of the parties. In doing so, the court included defendant's retirement income as bearing on defendant's ability to pay. This, defendant claims, was error and violative of the rule that consent judgments may not be modified absent fraud, mutual mistake, or unconscionable advantage.[2] Since the retirement benefits were awarded to defendant as part of the agreed property settlement, he argues, those benefits cannot now be considered in fixing alimony. Defendant cites *Walker v Walker,* 155 Mich App 405, 407; 399 NW2d 541 (1986), where the Court said:

> In the instant case, plaintiff consented to a judgment of divorce which awarded defendant's pension benefits to him as property. Both plaintiff and the court are now bound by that settlement. The defendant's pension cannot now be recategorized as income in determining his ability to pay alimony. To hold otherwise would violate the binding divorce judgment as well as the equitable principles upon which divorce actions are based. See *Ripley v Ripley,* 112 Mich App 219, 227; 315 NW2d 576 (1982).

We think that whether *Walker* is applicable in a given case depends on what was actually the subject of the property settlement, the retirement plan or the benefits payable therefrom. We know of no authority which, given the division of assets between the parties, would foreclose a court from considering the income produced by any particular

[2] *Hilley v Hilley,* 140 Mich App 581; 364 NW2d 750 (1985); *Greaves v Greaves,* 148 Mich App 643; 384 NW2d 830 (1986).

asset as bearing on the need for alimony of the party receiving the asset or the ability of that party to pay alimony. It would be the height of absurdity to suggest that a spouse, to whom income-producing property was awarded in a property settlement, would be entitled to have his or her need for alimony, or ability to pay alimony, determined without regard to the income produced by that property.

Where it is the periodic benefits payable under a retirement plan rather than the plan itself which is considered as a marital asset and divided under the property settlement, as in *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978), lv den 403 Mich 844 (1978), cert den 442 US 940 (1979), reh den 444 US 887 (1979),[3] the rule against altering property settlements applied in *Walker* might bar consideration of those benefits in a future award or modification of alimony. If, however, the retirement plan itself is treated as a marital asset, there is no reason why the benefits thereafter derived therefrom should not be considered in determining the need for, or the ability to pay, alimony.

Facially at least, the 1976 judgment herein seems to have dealt with benefits rather than the retirement plan as a marital asset. Since the same language was used to refer to plaintiff's nonexistent "retirement benefits," it may be believed that this language of the judgment represents a careless use of "boiler plate form." That conclusion is inescapable when the judgment as a whole is read in light of the fact that defendant was receiving retirement benefits when the judgment was granted. The trial judge correctly concluded that under those circumstances the express reservation

[3] And see *Keen v Keen,* 160 Mich App 314; 407 NW2d 643 (1987); *Boyd,* n 1, *supra; Perry v Perry,* 133 Mich App 453; 350 NW2d 275 (1984).

of alimony had to be taken as contemplating that the retired defendant's retirement income would be considered in any future determination of alimony. While the agreements of the parties as to property may be binding, the construction of those agreements is for the court. *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959).

Affirmed.