## WEAVER v WEAVER

Docket No. 97301. Submitted May 4, 1988, at Detroit. Decided October 17, 1988.

Shirley Ann Weaver sought and obtained a divorce from Richard Weaver in the Wayne Circuit Court, Thomas J. Foley, J. Pursuant to an agreement by the parties, the divorce judgment provided that defendant, who at age fifty continued to be employed by General Motors Corporation, shall pay alimony to plaintiff and, at retirement, shall receive his pension benefits free and clear of any claim by plaintiff. Less than a year later, defendant elected to take early retirement and filed a motion for the elimination of alimony payments, claiming to have no source of income other than his pension. The trial court denied the motion and a subsequent motion for a rehearing and awarded plaintiff her attorney fees. Defendant appealed.

The Court of Appeals *held:*

In the absence of fraud, mistake or unconscionable advantage, plaintiff is bound by her consent to the treatment of defendant's pension as a property interest awarded exclusively to him and she is precluded from claiming that defendant's pension now be considered as income for purposes of determining defendant's ability to continue making alimony payments. Since it is not clear whether early retirement by defendant was contemplated by the parties at the time the divorce judgment was entered, a remand is necessary. If, on remand, the trial court finds that the parties did in fact contemplate early retirement by defendant and that defendant's only source of income is his pension, the trial court must order the elimination of alimony payments to plaintiff. Conversely, if the trial court finds that the parties did not contemplate defendant's early retirement, its orders are affirmed because defendant and plaintiff would have been mistaken as to when defendant was

REFERENCES

Am Jur 2d, Divorce and Separation §§ 699 *et seq.,* 843 *et seq.*

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

to retire or because defendant would acquire an unconscionable advantage by his early retirement.

Remanded.

Murphy, J., dissented and would affirm the trial court's decision denying defendant's motion to eliminate alimony. He would hold that inequitable results may occur from the inflexible application of the rule that pension benefits, if awarded exclusively to one spouse as a property interest under a consent judgment of divorce, may not later be considered as income in determining continued ability to pay alimony. Judge Murphy suggested that the better rule is to permit the trial court, when considering whether agreed-to alimony or child support should be modified, to seek fairness and equity under all the circumstances, and to determine whether new facts or changed circumstances would justify a modification.

Divorce — Alimony — Pensions — Consent Judgments.

ᛁ A party, in the absence of fraud, mistake or unconscionable result, is bound by an order or judgment which is entered pursuant to a stipulation or consent; accordingly, it is error for a trial court in considering a motion to amend an alimony award to consider pension income in determining a party's ability to pay alimony where, in the consent judgment of divorce, the parties agreed that pension and retirement benefits would be treated as a property interest that would be taken free and clear of any claim of the other party.

*Leo Papp,* for plaintiff.

*Henry S. Gornbein,* for defendant.

Before: Gillis, P.J., and Murphy and H. R. Gage,* JJ.

Gillis, P.J. Defendant appeals as of right from the trial court's order denying his motion for elimination of alimony on the basis of *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986). Defendant also appeals the trial court's award of attorney fees to plaintiff on these motions. We remand.

The parties were married on November 30, 1951,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and the consent judgment was entered on September 27, 1985. Defendant was fifty years old when the divorce judgment was entered. Both plaintiff and defendant were employed by General Motors Corporation. Plaintiff was receiving disability benefits from GMC at that time. Under the divorce judgment, defendant was to pay plaintiff $150 per week in alimony until she died or remarried. Under the property settlement portion of the divorce judgment, plaintiff received the marital home, the parties' other property and the trailer thereon, most of the marital furniture, a 1978 Pontiac automobile, her bank accounts and $3,000. Defendant received a 1983 and a 1984 Cadillac Seville, a 1983 Chevrolet pickup truck, a 1977 Browning boat, limited marital furnishings, his bank accounts and his GMC stock. Each party also received his or her GMC pension benefits free and clear of any claim of the other party.

On August 6, 1986, defendant moved to eliminate his obligation to pay alimony as of September 1, 1986, the date he retired from GMC. Defendant argued that under the terms of the divorce judgment he should receive his pension benefits free and clear from any claim of plaintiff and that his obligation to pay alimony should cease because he had no other source of income.

At the hearing on defendant's motion, defendant claimed that he was told to take an early retirement because GMC was attempting to reduce its work force. Defendant also claimed that he received $1,800 per month in pension benefits and that plaintiff received $1,050 per month in gross income from GMC as disability pay. Plaintiff had not yet elected to take her pension.

Plaintiff stated that GMC paid her $937.78 per month in disability; however, GMC was deducting $40 per month until she paid $3,000 for some

training she had received. Plaintiff argued that defendant's early retirement was not contemplated by the parties and that defendant should not be able to avoid paying the agreed-to alimony obligation because he had chosen to retire early. Plaintiff also argued that defendant had income from the stock he was awarded and that the court should consider defendant's ability to continue to earn income because he was only fifty-one years old.

The court agreed with plaintiff, holding that defendant had agreed to pay her $150 per week in alimony. The court also awarded plaintiff $150 in attorney fees.

Defendant moved for rehearing on the basis of this Court's opinion in *Walker, supra.* In *Walker,* the defendant-husband moved to modify his obligation to pay alimony in light of the fact that he was planning on retiring and, therefore, his income would be reduced. The parties' judgment of divorce was entered on June 17, 1980, and the defendant's motion was made in 1985. Under the terms of the divorce judgment, the defendant received his pension and retirement benefits free and clear of any claim by the plaintiff. The trial court denied the defendant's motion. This Court reversed and remanded, noting that, absent fraud, mistake or unconscionable advantage, consent judgments cannot be set aside or modified without the parties' consent. This Court then held that, because the plaintiff had agreed that the defendant's pension benefits were to be awarded to him as part of their property settlement, she could not claim that they should be reclassified as income in determining his ability to pay alimony. *Walker, supra.*

At the hearing on defendant's motion for rehearing, plaintiff again argued that defendant's decision to retire early was voluntary and that she

was deceived when she entered into the property settlement because she believed that she would receive alimony for fifteen years until defendant retired at age sixty-five. Defendant argued that there was no misrepresentation regarding the property settlement and that plaintiff traded her interest in defendant's pension benefits for the parties' real estate.

The trial court held:

> The *Walker* case is really aimed at someone coming in after the fact, and wanting a piece of the pension, which is not the case here. Here, I can recall the parties very well being in open court, and there was a lot of negotiations. The parties contemplated the possible retirement, and that was even discussed. It was part of the contemplation of the parties in arriving at this divorce settlement that was placed on the record.
>
> The alimony was based upon an ability to pay both then, and if in fact he took retirement, subsequently. This was not something that has arisen all of a sudden today. This was a matter that preceded the judgment. It is not a change of heart. This is not now suddenly deciding, well, here he has a pension, we want part of that. The property settlement would probably have been completely different if—because of the health of the wife and so forth, it was necessary that some provision be made for her, and therefore the property was divided as it was.
>
> The court still feels he has the ability to support his wife just as he did at the time, and when what was originally decreed, and therefore deny the motion for rehearing.

The trial court then awarded plaintiff $150 in attorney fees.

We disagree with the trial court's implication that *Walker* was intended to apply only where the nonemployee spouse seeks alimony after the em-

ployee spouse begins to receive his pension. As
noted from the *Walker* facts discussed above, the
defendant was paying alimony before he retired
and sought to eliminate his obligation thereafter.
Moreover, we agree with the reasoning in *Walker.*
We note that the trial court must determine the
respective rights of the parties in pension benefits
accrued during the marriage. MCL 552.18(1) and
552.101(4); MSA 25.98(1) and 25.131(4). Hence, it
must be assumed that, when the trial court
awards a spouse his or her pension benefits free
and clear of claims of the other spouse as part of
the property settlement, the other spouse has
received sufficient property to offset the value of
the pension awarded. We agree with *Walker* that
to reclassify this property award as income for
purposes of determining alimony would allow the
spouse not receiving the pension to obtain part of
an asset which was already awarded to the pen-
sion-receiving spouse and for which the spouse not
receiving the pension had already obtained offset-
ting property.

On remand, the trial court shall determine
whether the parties contemplated defendant's
early retirement at the time their divorce judg-
ment was entered. If the trial court finds that they
did and that defendant's only source of income is
his pension, its earlier orders should be set aside
and defendant's obligation to pay alimony elimi-
nated. On the other hand, if the trial court finds
that the parties did not contemplate defendant's
early retirement, its orders are affirmed because
defendant and plaintiff would have been mistaken
as to when defendant was to retire or because
defendant would acquire an unconscionable advan-
tage by his early retirement. We note that in the
event the trial court orders are affirmed, defen-
dant remains free to move to modify the amount

of his alimony payments, rather than to eliminate them, given that his income is much less now that he is retired.

In order to prevent this problem from arising in the future, we publish this opinion to alert attorneys and trial courts of the need to fully consider the ramifications of awarding one party his or her pension as part of a property settlement free and clear from the other party's claims in light of the fact that the party receiving the pension may opt for or be forced to accept early retirement.

Remanded. We retain no further jurisdiction.

H. R. GAGE, J., concurred.

MURPHY, J. *(dissenting)*. I would affirm the trial court's order denying defendant's motion to eliminate his obligation to pay alimony.

Relevant to this appeal, the judgment of divorce contained the following language with respect to alimony and the parties' respective pensions from their employers:

II. RE: *ALIMONY*

IT IS FURTHER ORDERED that the Defendant, Richard Weaver, shall pay to the Plaintiff, Shirley Ann Weaver, alimony in the sum of ONE HUNDRED FIFTY ($150.00) DOLLARS per week payable until the death or remarriage of the Plaintiff or the further Order of the Court . . . .

*     *     *

III. RE: *PROPERTY SETTLEMENT AGREEMENT*

*     *     *

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Shirley Ann Weaver, shall receive any and all pension benefits which she may have from the General Motors Corporation, free and clear of any claim on the part of the Defendant.

IT IS FURTHER ORDERED AND ADJUDGED that the

Defendant, Richard Weaver, shall receive any and all pension benefits which he may have from General Motors Corporation, free and clear of any claim on the part of the Plaintiff.

Despite the fact that defendant had agreed to pay plaintiff $150 per week in alimony, less than a year later he filed a motion to eliminate alimony. Defendant, who voluntarily took early retirement between the time of the judgment of divorce and the motion to eliminate alimony, claimed that a change in circumstances had occurred lessening his income. Defendant further claimed that under *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986), the income from his pension, pursuant to the judgment of divorce, was his separate property and could not be considered as income for alimony purposes. There is no question from the record that plaintiff's needs remain the same and that her economic situation has not significantly improved since the time of the divorce.

The trial court did not believe that *Walker* applied and denied defendant's motion to eliminate alimony for the following reasons:

> The alimony was based upon an ability to pay both then, and if in fact he took retirement, subsequently. This was not something that has arisen all of a sudden today. This was a matter that preceded the Judgment. It is not a change of heart. This is not now suddenly deciding, well, here he has a pension, we want part of that. The property settlement would probably have been completely different if—because of the health of the wife and so forth, it was necessary that some provision be made for her, and therefore the property was divided as it was.
>
> The Court still feels he has the ability to support his wife just as he did at the time, and when what was originally decreed, and therefore deny the Motion for Rehearing.

The standard for appellate review of motions to modify alimony in a judgment of divorce was summarized by this Court in *Eckhardt v Eckhardt,* 155 Mich App 314, 316-317; 399 NW2d 68 (1986):

> Authority for modifying a divorce judgment is statutory. MCL 552.28; MSA 25.106. Modifying an award of alimony under this section may be based only upon new facts or changed circumstances arising since the judgment which would justify revision. *Crouse v Crouse,* 140 Mich App 234; 363 NW2d 461 (1985). The party requesting modification has the burden of showing a sufficient change of circumstances to warrant it. *Couzens v Couzens,* 140 Mich App 423; 364 NW2d 340 (1985). This Court reviews divorce judgment modifications de novo and will not disturb trial court decisions unless convicted [sic] it would have reached another result. *Schaeffer v Schaeffer,* 106 Mich App 452; 308 NW2d 226 (1981).

In reviewing this case I acknowledge that defendant's wages were substantially reduced by his early retirement and that there was a correlative reduction in his income. However, I also note that defendant was only fifty-one years old when he retired and arguably he is capable of finding other employment. In addition, his early retirement was largely self-imposed and less than one year after he agreed to pay plaintiff $150 per week in support.[1] The record further reflects that plaintiff's economic needs have not decreased and that defendant receives $1,800 per month in pension benefits. Under these circumstances, my judgment would be the same as that of the trial judge who declined to eliminate alimony. Therefore, I would affirm the trial court's decision.

---

[1] Voluntary reduction in income is not a proper basis for reduction in alimony. See *Gerlach v Gerlach,* 82 Mich App 605; 267 NW2d 149 (1978).

I also acknowledge that this decision, and perhaps analysis, may be inconsistent with the opinion in *Walker, supra.* The Court in *Walker* seemed to adopt a bright-line rule that in a consented-to judgment of divorce, if pension benefits are awarded to one party, those benefits cannot be considered as income in determining ability to pay alimony. To hold otherwise, according to *Walker,* "would violate the binding divorce judgment as well as the equitable principles upon which divorce actions are based." I simply cannot follow the *Walker* decision if it is so construed. I believe it would often lead to inequitable results if income from pensions, just like income from other items described as "property," could not be considered along with other factors in making decisions regarding motions to modify alimony or child support.

What are the equitable principles referred to in *Walker* that would allow defendant in this case to keep all of his pension benefits because "plaintiff consented to a judgment of divorce which awarded defendant's pension benefits to him as property," while simultaneously denying plaintiff alimony that defendant had "consented to pay" less than a year before he voluntarily retired, especially when there has been no material change in the plaintiff's economic needs?

In applying the *Walker* rationale to various hypothetical situations, one can easily see that inequitable results may occur. For example, what equitable principles would take away agreed-to alimony, or child support, if it later develops that the defendant's income was sizeable, but was from a pension, or piece of real estate for that matter, that was awarded to the defendant under the "property" provisions of a judgment of divorce?

What equitable principles would eliminate

agreed-to alimony where the spouse's wages decreased drastically, but income has remained stable, or increased, because of stock ownership that was by agreement awarded to the spouse under the "property" provision of the judgment of divorce?

What equitable principles would mandate that a trial judge terminate agreed-to alimony or child support in a situation where the husband gives up his employment after divorce because he won the Michigan lottery, on a theory that his lottery ticket was personalty and the judgment of divorce awarded him all personalty in his possession, free and clear of any claim by his spouse under a "property" provision of the judgment?

It does not take a great deal of imagination to come up with a myriad of facts that would result in unfair and inequitable results if the bright-line *Walker* rationale is applied across the board. Although a bright-line rule on pensions could provide a certain simplicity of application for the trial court, I am not prepared to subordinate general principles of equity to accomplish this goal.

The pension provisions in the divorce judgment in this case are most likely similar to the pension provisions in thousands of consented-to divorce judgments in this state. I suggest that, with rare exception, when alimony or child support is agreed to, neither party anticipates alimony or support to cease simply because the ex-spouse chooses to retire early and draw his or her pension. It may be that a voluntary or involuntary retirement, which leaves the retiring spouse with pension income alone, is enough of a change of circumstances justifying a *modification* of agreed-to alimony or support. However, the results mandated by *Walker,* that pension benefits *cannot be considered under any circumstances,* means that in most

cases alimony or support would altogether cease. Such a result is often both inequitable and patently unfair.

If the *Walker* rule and its analysis is to be the law, and for reasons stated above I do not believe it should be,[2] then lawyers and trial courts should fully consider the ramifications of awarding one party his or her pension as part of a property settlement, which is free and clear from the other party's claims relative to alimony or child support. Presumably, the same considerations would be true with respect to other items of property which might later produce income or be sold and be turned into investments that produce income. Therefore, with respect to pensions, at least, the bench and bar must be fully cognizant of the fact that the party receiving the pension may opt for or be forced to accept early retirement.

Because of the inequities that would result from applying the *Walker* decision across the board, I sincerely believe the better rule is to permit the trial court, when considering whether agreed-to alimony or child support should be modified, to seek fairness and equity under all the circumstances, and to determine whether new facts or changed circumstances would justify a modification.[3] These new facts or changed circumstances might include, when a pension is involved, the reasons for retirement, whether retirement was voluntary or involuntary, whether retirement was

[2] Recently, two other panels of this Court seem to have recognized the potential inequities of the *Walker* holding. See *Lang v Lang,* 169 Mich App 429; 425 NW2d 800 (1988); *Stoltman v Stoltman,* 170 Mich App 653; 429 NW2d 220 (1988).

[3] I wholeheartedly agree with the statement made in the majority opinion in *Stoltman, supra,* p 658, that "the decision whether to terminate alimony upon the retirement of the party obligated to pay alimony when a pension has been awarded to the obligor should be decided on a case-by-case basis."

early or scheduled, whether retirement was contemplated by the parties at the time of entry of the judgment, and the amount of income the retiree receives from pension benefits and other sources. Consideration should also be given to income produced from other property awarded to a party at the time of judgment. These factors, together with other factors traditionally used in determining alimony[4] and support, would then be part of the record for this Court to review de novo.

For reasons set forth above, I dissent and would affirm the trial court's decision denying defendant's motion to eliminate alimony.

[4] *Parrish v Parrish,* 138 Mich App 546; 361 NW2d 366 (1984); *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983); *McLain v McLain,* 108 Mich App 166; 310 NW2d 316 (1981).