## McCALLISTER v McCALLISTER

Docket No. 148795. Submitted January 6, 1994, at Detroit. Decided
May 2, 1994, at 10:05 A.M.

Phillip McCallister obtained a judgment of divorce from Mary L.
McCallister in the Wayne Circuit Court. Under the judgment,
the plaintiff retained full rights to his prospective pension, and
the defendant was awarded monthly alimony that was not
subject to modification in the event of a change of circum-
stances. The Court of Appeals, DANHOF, C.J., and CYNAR and
MACKENZIE, JJ., reversed the award of alimony because the
award was not subject to modification. 101 Mich App 543
(1980). The parties stipulated to amend the judgment to provide
for alimony that could be modified upon a change of circum-
stances. After he retired, the plaintiff requested a reduction of
alimony, claiming that his lower postretirement income repre-
sented a change of circumstances and that, because his pension
had been awarded solely to him, his pension benefits could not
be considered when assessing his ability to pay alimony. The
court, Kathleen MacDonald, J., denied the request. The plain-
tiff appealed.

The Court of Appeals *held:*

The trial court correctly determined that the plaintiff's re-
tirement constituted a change of circumstances but that it did
not warrant modification of alimony. MCL 552.28; MSA 25.106
and MCL 522.23; MSA 25.103 provide for modification of ali-
mony upon a change of circumstances and for consideration by
a court of all circumstances of a case when modifying alimony.
A court faced with a request for modification of alimony
presented by the party paying alimony may consider, as one of
the circumstances of the case, property awarded to that party
under the judgment of divorce.

Affirmed.

REILLY, P.J., concurring, stated that the trial court had the
legal authority and an equitable basis to consider the plaintiff's

REFERENCES

Am Jur 2d, Divorce and Separation §§ 712-714.

Pension of husband as resource which court may consider in
determining amount of alimony. 22 ALR2d 1421.

pension when determining whether alimony should be modified, that the trial court did not abuse its discretion in refusing to modify alimony, but that her conclusion might be different had the trial court properly ascertained the reasonable value of the plaintiff's pension when it was awarded to him as part of the division of marital property.

DIVORCE — ALIMONY — MODIFICATION.

A court faced with a request for modification of alimony made by the party paying alimony may consider benefits drawn from a pension awarded solely to that party under the judgment of divorce in assessing that party's postretirement ability to continue to pay alimony (MCL 552.23, 552.28; MSA 25.103, 25.106).

*Prather & Foley, P.C.* (by *Kenneth E. Prather*), for the plaintiff.

Before: REILLY, P.J., and CONNOR and R. M. PAJTAS,* JJ.

CONNOR, J. Plaintiff appeals as of right the decision of the trial court denying his request for modification of an alimony award. We affirm.

The parties married in 1968. They divorced in 1979. In the judgment of divorce, the trial court ordered plaintiff to pay defendant alimony of $500 a month subject to conditions not here at issue. As part of the property distribution, it awarded plaintiff his retirement fund free of all claims defendant might have had against it.

On appeal, this Court reversed the alimony award because it did not provide for modification based on a change of circumstances. *McCallister v McCallister,* 101 Mich App 543; 300 NW2d 629 (1980). The parties then stipulated to amend the original judgment:

Plaintiff's obligation to pay alimony to the Defendant, as ordered in the Judgment of Divorce heretofore entered in this cause, is amended to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

permit the filing of a petition for a hearing to determine if a change of circumstances has occurred, and in the event that a change of circumstances has occurred, for a modification of the alimony payments as were previously ordered.

Plaintiff retired in 1986. In 1991, he asked for a modification of the alimony award pursuant to changed circumstances, those circumstances being the drop in his income due to his retirement. An alimony award can be modified upon a showing of changed circumstances. *Crouse v Crouse,* 140 Mich App 234, 239; 363 NW2d 461 (1985). After a hearing, the trial court denied plaintiff's request.

At the time of his divorce in 1979, plaintiff was earning less than $45,000. In 1991, plaintiff conceded his income was over $47,000, consisting of $3,552 in Social Security benefits and $44,376 in yearly pension benefits.

On appeal, plaintiff contends that his retirement constitutes changed circumstances. He argues that it was error for the trial court to consider retirement income derived from property awarded to him in the divorce judgment when assessing his ability to pay alimony. Without considering income derived from plaintiff's retirement fund, there is no question but that the circumstances would warrant a modification of the alimony award.

We agree with plaintiff that his retirement constitutes changed circumstances. Even if plaintiff's income was actually higher in 1991 than it was in 1979, the source of his income had changed from his employment to property that had been awarded to him in the judgment of divorce.

However, we cannot agree with plaintiff that it was improper for the trial court to consider his retirement income when evaluating his ability to

pay alimony. This is a question that has previously divided this Court. See *Weaver v Weaver,* 172 Mich App 257; 431 NW2d 476 (1988); *Stoltman v Stoltman,* 170 Mich App 653; 429 NW2d 220 (1988); *Lang v Lang,* 169 Mich App 429; 425 NW2d 800 (1988); *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986). Most recently, in *Torakis v Torakis,* 194 Mich App 201, 204-205; 486 NW2d 107 (1992), this Court stated that it was not error to consider the former spouse's property in assessing the ability to pay alimony. We agree with the reasoning in *Torakis* and find it applicable to the present case.

MCL 552.28; MSA 25.106 provides in relevant part:

> On petition of either party, after a judgment for alimony . . . the court may revise and alter the judgment, respecting the amount or payment of the alimony . . . and may make any judgment respecting any of the matters that the court might have made in the original action.

MCL 522.23; MSA 25.103 states:

> Upon entry of a judgment of divorce . . . if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . . the court may further award to either party the part of the real and personal estate of either party and alimony out of the estate real and personal, to be paid to either party in gross or otherwise and the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

These statutes clearly express the intent of the Legislature that our courts consider *all* the cir-

cumstances of the case when modifying an alimony award, and empower courts to award alimony out of the property of the former spouse when circumstances warrant it.

Accordingly, the trial court could properly consider all of plaintiff's income when assessing his ability to pay alimony. On the facts before us, we cannot say that the trial court abused its discretion when it determined that the circumstances did not warrant modification of the original award.

Affirmed.

R. M. Pajtas, J., concurred.

Reilly, P.J., *(concurring)*. I concur in the result.

This case involved a ten-year marriage that ended in divorce in 1978 when plaintiff was fifty years old and defendant was fifty-one. No children were born of the marriage. At the time of the divorce, there were two major assets to be considered, a house with a net worth of $33,000 and plaintiff's federal pension based on twenty years of service in the Army Corps of Engineers, which the court valued at approximately $26,000.

The trial court was directed by this Court, in its earlier opinion in this case, to determine the value of the plaintiff's interest in his pension plan as of November 1978. *McCallister v McCallister,* 101 Mich App 543; 300 NW2d 629 (1980). On remand, the trial court determined that plaintiff had been employed by the Army Corps of Engineers since 1958, was earning $44,500 a year,[1] and that plaintiff's twenty-year contributions to his retirement plan totaled $26,028.62. The court did not deter-

---

[1] When plaintiff retired from the Army Corps of Engineers in May 1986, he had been employed by the federal government for a total of twenty-eight years and was entitled to receive annuity benefits from his retirement plan in the amount of $44,376 each year.

mine the employer's contribution or the current value of the pension plan itself.

The court attributed one half of the $26,028.62 to plaintiff for the ten years of earnings before the marriage, and considered the other half as a marital asset. The court then attempted to equally divide the marital assets, valued at a total of $46,000. Operating under the belief that it could not do otherwise under existing law, the court gave plaintiff, free of any claim or interest of the defendant, all of his employment benefits including, but not limited to, his interest in the pension plan.

Based upon these facts, I do not believe that the trial court properly determined the reasonable value of plaintiff's pension in 1978, in accordance with this Court's directive and MCL 552.18(1); MSA 25.98(1) and MCL 552.101(4); MSA 25.131(4). Therefore, the distribution of marital assets that was based on plaintiff's contributions to the retirement fund, not the present value of the plaintiff's retirement plan, was not equitable. Nevertheless, the defendant did not appeal, the judgment was never set aside, and the parties subsequently stipulated that alimony could be modified upon a showing of change in circumstances.

In view of these facts and the statutory authority found in MCL 552.23; MSA 25.103 and MCL 552.106; MSA 25.106, and because the award of alimony is based on equitable principles, I agree that the trial court had the legal authority and an equitable basis to consider income from plaintiff's pension when determining whether the award of alimony should be modified. I also agree that the trial court did not abuse its discretion in denying the plaintiff's motion for modification of alimony payments.

My view of the equities and my conclusion

might be different, however, had the trial court properly ascertained the reasonable value of the pension to which plaintiff was entitled in 1978, and had considered the value of the pension attributable to the ten years of marriage as a marital asset. See *Weaver v Weaver,* 172 Mich App 257; 431 NW2d 476 (1988).