*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLEN SMITH,

        Plaintiff-Appellant,

v

ROBIN SMITH,

        Defendant-Appellee.

FOR PUBLICATION
May 16, 2019
9:05 a.m.

No. 342200
Oakland Circuit Court
Family Division
LC No. 2015-833193-DO

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

MARKEY, J.

In this post-judgment litigation, plaintiff appeals by leave granted the trial court's order denying his motion to modify spousal support that had been awarded to defendant pursuant to a consent judgment of divorce. We reverse and remand for further proceedings.

In April 2016, a consent judgment of divorce was entered, and the judgment provided in relevant part as follows:

> The Plaintiff is not awarded spousal support and his claim for spousal support is forever barred. The Defendant is awarded spousal support for $2,500.00 per month. This amount shall terminate upon death, remarriage *or a showing of a change in circumstances*. . . . .
>
> This Judgment incorporates the Uniform Spousal Support Order [USSO] which was entered at trial, by consent of the parties, on March 31, 2016 and is described in this Judgment.
>
>                          * * *
>
> It is agreed, that Defendant may not use an increase in Plaintiff's overtime wages as a basis for modification. It is further agreed, that should Plaintiff have a change in his base wages it *may represent a change in circumstance* warranting modification of Spousal Support. [Emphasis added.]

The parties and the parties' attorneys signed the consent divorce judgment.

The USSO referenced in the judgment of divorce, which was also executed by the parties and their attorneys, indicated that it would "continue until the death of the payee or until the earliest of the following events: . . . Remarriage of the payee."[1] No other language is set forth or checked in the USSO; it does not allude to a "change in circumstances" as a basis to revisit or discontinue the spousal support award. The USSO had an effective date of April 1, 2016. Subsequently, on plaintiff's motion, the trial court entered an order stating that the effective date of the spousal support award must be changed to June 1, 2016, and it directed plaintiff's counsel to prepare an amended USSO. An amended USSO with the revised effective date was entered, but like the first USSO, it failed to include any language indicating that a change in circumstances could serve as a basis to discontinue or modify spousal support.

In November 2017, plaintiff moved to modify the spousal support, asserting that he was now 65 years old and had retired from his job, which resulted in a "substantial decrease in wages." Plaintiff argued that the decrease in wages constituted a change of circumstances warranting a modification of spousal support. Plaintiff noted that the divorce judgment specifically contemplated "a change in his base wages" as being a potential basis to modify the amount of spousal support. The trial court denied the motion for two reasons it stated from the bench. First, the court determined that the spousal support provisions in the consent divorce judgment and the USSO conflicted with each other with respect to whether a change in circumstances could support a modification of spousal support. Therefore, according to the court, the USSO controlled under MCR 3.211 and support could not be modified or terminated until defendant's death or remarriage. Second, the trial court concluded that there had been no change in circumstances because plaintiff's retirement had been contemplated when he settled the case, yet there was no provision in the judgment indicating that "retirement" could constitute a change in circumstances. An order was subsequently entered denying plaintiff's motion for the reasons stated on the record at the hearing. Plaintiff appeals by leave granted. *Smith v Smith*, unpublished order of the Court of Appeals, entered June 8, 2018 (Docket No. 342200).

We review de novo the interpretation of the court rules, *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002), as well as the construction and application of contractual clauses, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

Plaintiff first contends that the trial court erred in effectively concluding that the spousal support award was non-modifiable. MCL 552.28 generally authorizes a court to modify an award of spousal support, and it provides a statutory right to litigants to seek modification of spousal support. *Allard v Allard*, 318 Mich App 583, 599; 899 NW2d 420 (2017); *Staple v Staple*, 241 Mich App 562, 568; 616 NW2d 219 (2000). The parties are free, however, to forgo their statutory rights by clearly expressing in a settlement their intent to render a spousal support award final, binding, and nonmodifiable. *Allard*, 318 Mich App at 599; *Staple*, 241 Mich App at

---

[1] The "remarriage" provision is reflected in a checked box on a standard State Court Administrative Office form. Boxes for "Death of the payer" and "Other" are not checked or marked.

568. Here, the consent judgment reflects just the contrary, and even the USSO does not contain such express language. The record contains no affirmative expression of an intent by the parties to prohibit a modification of spousal support based on a change in circumstances.

MCR 3.211(D)(1) does provide that a "Uniform Support Order shall govern if the terms of the judgment or order *conflict* with the Uniform Support Order." (Emphasis added.) If the USSO in this case specifically provided that spousal support were non-modifiable or that a change in circumstances would not justify modification of spousal support, we would certainly agree that a "conflict" would exist with the judgment of divorce. But the USSO is more accurately characterized as simply being a partial or incomplete expression of the parties' intent and agreement, which was plainly and unambiguously set forth in the divorce judgment: the judgment expressly allows *either party* to seek modification of spousal support on a showing of a change in circumstances. Moreover, we take note of the fact that the judgment of divorce provides that it "incorporates" the USSO, thereby effectively making it part of the divorce judgment. Under such circumstances, it is difficult to logically conclude that the judgment of divorce conflicts with the USSO. Moreover, the divorce judgment's language that the amount of spousal support terminates upon defendant's death or remarriage is consistent with the USSO's language that the support order continues until defendant's death or remarriage.

In sum, the consent divorce judgment so clearly evinces the parties' intent to allow consideration of a change in spousal support when there is a change in circumstances that we are compelled to hold that the terms of the judgment of divorce must be enforced. See *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008) ("A consent judgment is in the nature of a contract, and . . . [i]f no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written[.]"). Accordingly, the trial court erred in determining that a change in circumstances could not be considered for purposes of modifying spousal support.[2]

We next address the trial court's ruling that, regardless of MCR 3.211, there was no change in circumstances because plaintiff had contemplated retirement when the settlement was negotiated. Yet, the judgment makes no reference to retirement in connection with a change in circumstances. We first note that plaintiff's appellate brief provides little analysis of this issue; he only mentions it in passing in a two-sentence footnote.[3] Plaintiff states:

> Although it was not the primary basis of the trial court's holding, the court did state that it believed that anticipating or contemplating retirement during the parties' judgment negotiations necessarily meant that retirement could not constitute a change of circumstance. To the contrary, the *Staple* [C]ourt

---

[2] Given our ruling, we find it unnecessary to reach plaintiff's additional argument that the trial court's application of MCR 3.211(D)(1) violated and undermined public policy.

[3] "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015).

underscores the importance of anticipating circumstances that may change for either party.

In reviewing plaintiff's brief it appears that it is almost entirely devoted to challenging the trial court's ruling under MCR 3.211. Although some of his arguments may be intended to address both components of the court's ruling, plaintiff's brief is unclear in parts. We will, however, give plaintiff the benefit of the doubt and address the trial court's ruling that there was no change in circumstances.

This Court reviews "the trial court's factual findings relating to the award or modification of [spousal support] for clear error." *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). "A finding is clearly erroneous if the appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. at 654-655. When a trial court's findings are not clearly erroneous, we must then decide whether the dispositional ruling was fair and equitable in light of the facts. *Id*. at 655. The *Moore* panel observed:

> The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party. Alimony is to be based on what is just and reasonable under the circumstances of the case. An alimony award can be modified upon a showing of changed circumstances. The modification of an alimony award must be based on new facts or changed circumstances arising since the judgment of divorce. [*Id.* at 654 (citations omitted).]

Although it is a somewhat unclear, the trial court apparently found that the circumstances had not changed because plaintiff had contemplated retirement at the time of the settlement negotiations. Yet the divorce judgment contains no language expressly indicating that retirement could or would constitute a change in circumstances. Generally speaking, we note that retirement may constitute a change in circumstances for purposes of modifying an order of spousal support. See *McCallister v McCallister*, 205 Mich App 84, 86; 517 NW2d 268 (1994) ("We agree with plaintiff that his retirement constitutes changed circumstances.").

In the instant case, the judgment of divorce provided that a change in plaintiff's "base wages . . . *may* represent a change in circumstances." (Emphasis added.) This provision, contrary to the trial court's view, plainly and unambiguously could encompass plaintiff's retirement depending on how his retirement impacted his base wages. Retirement from employment essentially means, and is understood to mean, an end to one's employment wages. Even though the parties did not include the term "retirement" in drafting their consent judgment, we have to conclude that this concept most certainly would be generally understood, i.e, that retirement would terminate one's "base wages." Moreover, even absent the base-wages provision, an ex-spouse's ensuing retirement may qualify as a change in circumstances. *McCallister,* 205 Mich App at 86. Parties who reach an agreement on spousal support and allow for future modification of support based on a change in circumstances cannot reasonably be expected to list in the agreement all of the possible events that could constitute a change in circumstances.

The parties' agreement also clearly provided that a change in plaintiff's base wages "may" represent a change in circumstances warranting modification of spousal support. Use of the term "may" reflected an agreement by the parties that a change in plaintiff's base wages would not necessarily amount to a change in circumstances justifying a modification of spousal support. Accordingly, while the trial court clearly erred in denying plaintiff's motion on the basis that the divorce judgment did not specifically reference "retirement" as constituting a change in circumstances, we conclude a remand is appropriate to allow the trial court to consider the issue anew. In examining whether plaintiff's retirement and the concomitant decrease in his income qualify as a change in circumstances warranting a modification in spousal support, the trial court should consider the principles recited above regarding spousal support, i.e., support must be just and reasonable under the circumstances and should balance the incomes and needs of the parties in a way that will not impoverish either party. *Moore*, 242 Mich App at 654.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ James Robert Redford
/s/ Kirsten Frank Kelly