*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY A. ELLIOTT,

UNPUBLISHED
July 15, 2021

       Plaintiff-Appellee,

v

No. 353269
Oakland Circuit Court
Family Division
LC No. 2015-827339-DO

WALTER C. ELLIOTT,

       Defendant-Appellant.

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Walter Elliott, appeals by leave granted[1] the trial court's opinion and order reducing his spousal support obligation to plaintiff, Kimberly Elliott, from $3,000 per month to $1,500 per month, but not eliminating it completely.[2] Because the trial court did not apply the correct legal framework, we reverse and remand for further proceedings.

## I. BASIC FACTS

The parties divorced in 2015. Relevant to this appeal, the consent judgment of divorce stated that Walter would provide Kimberly with $3,000 per month in spousal support. The parties also agreed that Walter's voluntary retirement "that occurs when he is past the age of 65 shall constitute a change of circumstances to which support can be reviewed." Walter retired in March 2019, which resulted in a loss of income.[3] Thereafter, he filed a motion to terminate his spousal-support obligation. Initially, the trial court temporarily reduced Walter's spousal support obligation to $2,000. Then, following a two-day evidentiary hearing, the trial court temporarily

---

[1] *Elliott v Elliott*, unpublished order of the Court of Appeals, entered August 4, 2020 (Docket No. 353269).

[2] For ease of reference, this opinion will refer to plaintiff and defendant using their first names.

[3] At the time, he was 67 years old.

reduced the support obligation to $1,700 per month. After reviewing the parties' proposed findings of fact and law, the court entered an order reducing the support obligation to $1,500 per month.

## II. MODIFICATION OF SPOUSAL SUPPORT

### A. STANDARD OF REVIEW

Walter argues that the trial court erred by reducing, but not eliminating, his spousal-support obligation. We review a trial court's award of spousal support for an abuse of discretion, which occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). The trial court's factual findings are reviewed for clear error. *Id*. at 26. "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id*.

### B. ANALYSIS

"The objective of spousal support is to balance the incomes and needs of the parties in a way that will not impoverish either party, and support is to be based on what is just and reasonable under the circumstances of the case." *Woodington v Shokoohi*, 288 Mich App 352, 356; 792 NW2d 63 (2010). When determining whether to award spousal support, a trial court should consider several factors:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Loutts*, 298 Mich App at 31 (quotation marks and citation omitted).]

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Id*. at 32 (quotation marks and citation omitted). "A trial court may modify spousal support on the basis of new facts or different circumstances arising after entry of the divorce judgment." *Lueck v Lueck*, 328 Mich App 399, 405; 937 NW2d 729 (2019). The party seeking a modification of spousal support "bears the burden of proving the justification for the modified award." *Gates v Gates*, 256 Mich App 420, 435; 664 NW2d 231 (2003).

Walter argues that in reviewing the motion to modify spousal support, the trial court erred by not making findings on the spousal-support factors identified in *Loutts*. We disagree. In its opinion, the trial court recognized its obligation to make findings on the relevant factors. It then made express findings relating to many of the factors, including the parties' incomes and expenses, their ages and employment statuses, the length of their marriage, the parties' roles during the marriage, and the division of property in the judgment of divorce. Ultimately, the court noted that after consideration of each spousal-support factor, "as well as general principles of equity," it was reducing Walter's spousal-support obligation to $1,500 per month. In making its findings, the

court was not required to repeat each factor and then make the related findings. It was sufficient for the court to list all of the factors in one paragraph before discussing its findings relative to all the factors in the subsequent paragraphs.

Next, Walter argues that the trial court improperly considered his pension income. At the time of the parties' divorce, Walter's pension was in pay status. The consent judgment of divorce divided that pension, awarding Kimberly $1,000 per month and awarding Walter $4,000 per month. It also stated that Walter was "awarded and retains free and clear of any right, title, claim or interest of Plaintiff Wife the balance of his pension including all ancillary benefits except the survivor benefit which shall be given solely to Plaintiff Wife." Walter contends that because he received a portion of the pension free and clear of any right, title, claim, or interest that Kimberly might have had in it, the trial court cannot consider the income generated from the pension when evaluating his motion to terminate spousal support.

Walter relies on this Court's decision in *Walker v Walker*, 155 Mich App 405; 399 NW2d 541 (1986). In *Walker*, the parties' judgment of divorce awarded the defendant his pension and retirement benefits "free and clear from any and all claims on the part of the Plaintiff." *Id*. at 406. This Court held that because the judgment of divorce awarded the pension benefits to the defendant as property, his pension could not "be recategorized as income in determining his ability to pay alimony." *Id*. at 407. He also directs this Court to *Weaver v Weaver*, 172 Mich App 257; 431 NW2d 476 (1988). In that case, the parties' judgment of divorce awarded the defendant his pension benefits "free and clear" of any claims on the part of the plaintiff. *Id*. at 259. This Court held, in relevant part, that it was improper "to reclassify [the pension] as income for purposes of determining alimony" because it would allow the plaintiff "to obtain part of an asset which was already awarded to the pension-receiving spouse and for which the spouse not receiving the pension had already obtained offsetting property." *Id*. at 262.

Based on *Walker* and *Weaver*, Walter argues that the trial court improperly considered his pension income when evaluating his ability to pay spousal support. In its written opinion and order, the trial court stated:

> Defendant Husband argues that to consider his share of the pensions as his income for purposes of support would allow Plaintiff Wife to "double dip" and to receive a further portion of property which has already been divided. The court agrees. The court finds that this case is factually similar to *Walker v Walker*, 155 Mich App 405 (1986). In *Walker*, the court held, "[T]he defendant's pension cannot be recategorized as income in determining his ability to pay alimony. To hold otherwise would violate the binding divorce judgement as well as the equitable principles upon which divorce actions are based." *Id*. at 405. Thus, Defendant Husband's income for purposes of calculating spousal support is his social security income of $37,534.80. The court will consider Defendant Husband's pension income only so far as it affects the needs of the parties.

Thus, it is clear that the trial court relied on *Walker* to exclude Walter's pension income from its determination of Walter's ability to pay, but did include it in its determination of the needs of the party.

We conclude that, by applying *Walker*, the trial court erred. *Walker* was decided in 1986. Decisions issued by this Court before November 1, 1990 are not precedentially binding. MCR 7.215(J)(1). Published cases by this Court decided before November 1, 1990 may nevertheless be considered persuasive authority. See *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012). However, if there is binding authority on point, the trial court is required to apply it. In this case, the decision in *McCallister v McCallister*, 205 Mich App 84, 85; 517 NW2d 268 (1994) is both directly on point and, as it is a published decision by this Court issued after November 1, 1990, it is precedentially binding.

In *McCallister*, the judgment of divorce awarded the plaintiff his retirement fund free of all claims the defendant might have against it. *Id*. at 85. On appeal, the plaintiff argued that it was "improper for the trial court to consider his retirement income when evaluating his ability to pay alimony." *Id*. at 86-87. The *McCallister* Court noted that a number of cases—including *Walker and Weaver*—had held that such consideration was improper, but noted that in *Torakis v Torakis*, 194 Mich App 201, 204-205; 486 NW2d 107 (1992),[4] this Court held "that it was not error to consider the former spouse's property in assessing the ability to pay alimony." *McCallister*, 205 Mich App at 87. Rather than following the *Walker* and *Weaver* line of cases, the Court in *McCallister* applied the reasoning in *Torakis*. Additionally, the Court explained:

> MCL 552.28 provides in relevant part:
>
> > On petition of either party, after a judgment for alimony . . . the court may revise and alter the judgment, respecting the amount or payment of the alimony . . . and may make any judgment respecting any of the matters that the court might have made in the original action.
>
> MCL 552.23 states:
>
> > Upon entry of a judgment of divorce . . . if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . . the court may further award to either party the part of the real and personal estate of either

---

[4] In *Torakis*, the defendant argued that the spousal-support award was erroneous because it required him to encumber or invade the corpus of his joint assets to meet his spousal-support obligation. *Torakis*, 194 Mich App at 204. This Court noted that as the main objective of spousal support "is to balance the incomes and needs of the parties in a way that would not impoverish either party." *Id*. at 205. "The evidence presented indicated that [the] plaintiff was close to impoverishment and [the] defendant was well established, with many property holdings, two expected pensions, and other income," as a result, this Court held that the trial court "did not err in ruling that, despite [the] defendant's claims of low net income, [the] defendant had many other sources from which to pay alimony." *Id*. Relevant to the decision in *McCalister*, the *Torakis* Court recognized that under MCL 552.23, the trial court had the authority to use property as a source of spousal-support income. *Id*. at 204.

> party and alimony out of the estate real and personal, to be paid to either party in gross or otherwise and the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.[5]
>
> These statutes clearly express the intent of the Legislature that our courts consider *all* the circumstances of the case when modifying an alimony award, and empower courts to award alimony out of the property of the former spouse when circumstances warrant it.
>
> Accordingly, the trial court could properly consider all of plaintiff's income when assessing his ability to pay alimony. [*Id*. at 87-88.]

*McCallister*, therefore, rejected the persuasive authority in *Walker*, and relying on *Torakis* and the plain language of the relevant statutes, held that a court evaluating a motion to modify spousal support must consider *all* the circumstances of the case, including retirement income awarded to a party to a divorce "free and clear" of any claims of the other party. Consequently, by relying on *Walker* instead of *McCallister*, the trial court applied the wrong legal framework.[6] Because it is unclear what extent, if any, the trial court's decision to exclude over $40,000 of Walter's annual income from its analysis of the issue, it is necessary to reverse and remand this matter to the trial court. On remand, the trial court shall reconsider Walter's motion to terminate spousal support

---

[5] The Legislature has amended MCL 552.23(1) since this Court issued its decision in *McCallister*. See 1999 PA 159 and 2009 PA 234. The relevant section of MCL 552.23(1) now provides:

> Upon entry of a judgment of divorce . . ., if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . ., the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

Comparing the version of this statute quoted in *McCallister* to the present language, it is plain that the amendment does not alter the substantive meaning of the statute, nor does it undermine the analysis employed by the *McCallister* Court.

[6] Walter contends that *McCallister* is not on point because the court determined that the pension was not equitably decided, whereas in this case the parties do not dispute that Walter's pension was equitably divided. Nothing in the majority opinion, however, limits its holding to cases where the pension was not equitably divided in the judgment of divorce. Instead, such considerations were explored in the concurring opinion. See *McCallister*, 205 Mich App at 88-90 (REILLY, P.J., concurring). Concurring opinions are, of course, not binding. *Dean v Chrysler Corp*, 434 Mich 655, 661 n 7; 544 NW2d 699 (1990).

-5-

using the correct legal framework, which requires the court to consider *all* the relevant circumstances of the case.

Even if *McCallister* was not binding, we would not find *Walker* persuasive. It essentially held that, through a consent divorce agreement, the parties to a divorce could waive the trial court's statutory duty to consider all circumstances when evaluating a spousal-support decision. Such a holding is void as against public policy.

Although it is well-established that a party may properly waive any claim he or she might have to spousal support, *Staple v Staple*, 241 Mich App 562, 564; 616 NW2d 219 (2000), an agreement to waive the trial court's discretion to review a modification of support already awarded is a different matter. In *Allard v Allard (On Remand)*, 318 Mich App 583, 587; 899 NW2d 420 (2017), this Court was tasked with determining "whether parties may waive the trial court's discretion under MCL 552.23(1) and MCL 552.401 through an antenuptial agreement." In answering the question, the *Allard* Court balanced "two bedrock principles of Michigan jurisprudence: first, that the fundamental right to contract must be protected by allowing parties to contract freely and by enforcing contractual agreements; second, that courts sitting in equity must be free to afford whatever relief is necessary to see done that which, in good conscience, ought to be done." *Id*. at 596. The Court reasoned:

> In concert, MCL 552.12, MCL 552.23(1), and MCL 552.401 clearly demonstrate that the Legislature intends circuit courts, when ordering a property division in a divorce matter, to have equitable discretion to invade separate assets if doing so is necessary to achieve equity. These statutes do not afford the parties to a divorce any statutory right to petition for invasion of separate assets—at least none that is distinct from the parties' right to petition for divorce in the first instance. Rather, the statutes simply empower the circuit court. For this reason, parties have no discernible rights to waive under MCL 552.23(1) and MCL 552.401. Moreover, to the extent that parties attempt, by contract, to bind the equitable authority granted to a circuit court under MCL 552.23(1) and MCL 552.401, any such agreement is necessarily void as against both statute and the public policy codified by our Legislature. Put differently, the parties to a divorce cannot, through antenuptial agreement, compel a court of equity to order a property settlement that is in equitable. Although parties have a fundamental right to contract as they see fit, they have no right to do so in direct contravention of this state's laws and public policy. See *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005) ("[A]n unambiguous contractual provision ... is to be enforced as written *unless* the provision would violate law or public policy.") (emphasis added). [*Id*. at 600-601.]

Although *Allard* addressed whether the parties to a divorce could, through an antenuptial agreement, waive the court's equitable discretion as it related to the division of property, we conclude that its principals are equally relevant to a determination of whether the parties may, by contract, waive the trial court's discretion under MCL 552.23(1) to fully consider "the ability of either party to pay [spousal support] and the character and situation of the parties, and all other circumstances of the case," if it is called upon to make a spousal-support determination. Stated differently, although the parties may agree to waive spousal support completely, *Staple*, 241 Mich App 562, 564, once a decision regarding spousal support or the modification thereof is actually

before the trial court, any agreements to restrict the equitable authority granted to the circuit court under MCL 552.23(1) is necessarily void as against both statute and public policy.[7]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Kimberly may tax costs. MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[7] The parties dispute whether the trial court abused its discretion by not crediting Walter for the payments in excess of $1,500 he made between April 1, 2019 and January 1, 2020. "The retroactivity of a modification is a matter within the court's discretion; however, the modification may not take effect before the time the petition to modify was filed." *Cipriano v Cipriano*, 289 Mich App 361, 374; 808 NW2d 230 (2010). Given our resolution, we need not address this argument on appeal. We do, however, note that, as the trial court did not enter an order either granting or denying Walter's request to credit the payments made in excess of $1,500, there is, in fact, no decision of the trial court that we could review. As a result, even if we were to address this issue, we would be constrained to remand for the trial court to make a decision in the first instance.